**SOUTHERN CALIFORNIA THEATRE OWNERS ASSOCIATION et al., Petitioners,**

v.

**UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF CALIFORNIA, and The Honorable Manuel L. Real, United States District Judge for the Central District of California, Respondents, and SUBSCRIPTION TELEVISION, INC., and Subscription Television of California, Inc., Real Parties in Interest.**

No. 25481.

United States Court of Appeals, Ninth Circuit.

June 29, 1970.

Harry B. Swerdlow and Allan Albala (argued), of Swerdlow, Glickbarg & Shimer, Beverly Hills, Cal., Henry J. Shames and Morton H. Boren, of Pacht, Ross, Warne, Bernhard, Sears & Nutter, Los Angeles, Cal., for appellants.

William M. Byrne, Jr., U. S. Atty., Manuel L. Real, U. S. Dept. of Justice, Los Angeles, Cal., for appellees.

Max L. Gillam (argued), of Latham & Watkins, Los Angeles, Cal., for real parties in interest.

Before BROWNING, HUFSTEDLER and WRIGHT, Circuit Judges.

PER CURIAM:

Petitioner seeks a writ of mandamus to direct the district court to vacate discovery orders. Theatre Owners complain of an order directing the production of "all opinions, statements or other documents" which relate to the constitutionality of Proposition 15, heretofore held unconstitutional by the Supreme Court of California.

The order also directed Theatre Owners to answer interrogatories which asked the identity of persons preparing the documents, to whom they were sent, who had custody of the documents, and whether the opinions expressed therein were the basis for Theatre Owners' denial in their answer of an allegation in the complaint that they knew Proposition 15 was unconstitutional.

Theatre Owners resists both the interrogatories and the order to produce on the ground that they violate the attorney-client privilege.

We deny the petition as premature.

■ Mandamus to review discovery orders is an extraordinary remedy which issues only in very unusual circumstances or to correct an immediate and irreparable injury. Hartley Pen Co. v. United States District Court, 287 F.2d 324 (9th Cir. 1961).

■ Even were mandamus available in a case of this sort, we would not issue it here since neither party has taken any steps to secure a protective order from the District Court. Rule 30(b), Fed.R. Civ.P. There is no indication in this record that protective relief would not have been granted previously or that it would not now be granted.

Further, we assume that the discovery order is subject to modification on motion of the petitioner to impose conditions similar to those suggested by the real party in interest.

Subscription Television suggested possible limitations on the discovery which it sought. It appears that petitioner was opposed to any discovery at all, and did not propose any protective order with appropriate conditions. Had petitioner asked for such conditions, no doubt the trial court would have limited the use of privileged communications without requiring a waiver of the privilege.

Petition denied.