IN THE MATTER OF A CIVIL INVESTIGATIVE DEMAND ADDRESSED TO BOB BREST BUICK, INC.

Suffolk.    November 16, 1977. — December 14, 1977.

Present: HALE, C.J., GRANT, & BROWN, JJ.

*Attorney General.   Discovery.   Consumer Protection Act.   Practice, Civil,* Appeal.

An order by a Superior Court judge modifying the scope of a civil investigative demand issued by the Attorney General was interlocutory and hence not appealable. [718-719]

Under G. L. c. 93A, § 6(1) (*b*), the Attorney General must merely show relevance in support of a civil investigative demand. [719-720]

MOTION filed in the Superior Court on April 11, 1977.

The proceeding was heard by *Ford,* J.

*Allan R. Curhan (Robert S. Mangiaratti* with him) for Bob Brest Buick, Inc.

*Robert D. Cohan,* Assistant Attorney General (*Paula W. Gold & Richard A. Gross,* Assistant Attorneys General, with him) for the Attorney General.

BROWN, J.    The Attorney General issued a Civil Investigative Demand (C.I.D.) to Bob Brest Buick, Inc. (Buick), pursuant to his authority under G. L. c. 93A, § 6(1), regarding acts or practices allegedly in violation of G. L. c. 93A, § 2(*a*). Buick filed a motion for relief pur-

suant to § 6(7) of the statute. A judge of the Superior Court ordered that the C.I.D. be modified. Buick appeals from this order.

1. The C.I.D. initially required Buick to produce extensive records. The order of the Superior Court judge modified the C.I.D. to require production of only some of the information originally sought. For all that appears, the judge merely reduced the scope of the C.I.D. and changed the time and place for the production of the records. There has not yet been an order for compliance, nor has the Attorney General requested such an order. See G. L. c. 93A, § 7. Accordingly, as no final order has been entered, the appeal from the modification by the judge must be deemed interlocutory,[1] and hence not properly before us at this time.[2] See *Pollack* v. *Kelly*, 372 Mass. 469, 470-472 (1977), and cases cited. Cf. *In the Matter of Rom*, 459 F. 2d 15, 16 (3d Cir. 1972), and cases cited. Contrast Mass.R.Civ.P. 64, 365 Mass. 831 (1974); G. L. c. 231, § 111, as appearing in St. 1973, c. 1114, § 199. But see G. L. c. 231, § 118, as appearing in St. 1973, c. 1114, § 202. Further support for our view can be found in the case of *In the Matter of a Civil Investigative Demand Addressed to Yankee Milk,*

---

[1] As this appears to be an instance where it may be useful to refer to Federal decisions for guidance (see e.g. *Rollins Environmental Servs., Inc.* v. *Superior Ct.,* 368 Mass. 174, 179-180 [1975]; but see *Panesis* v. *Loyal Protective Life Ins. Co., ante,* 66, 75 n.12 [1977]), we note that the leading case on this point is *Cobbledick* v. *United States,* 309 U. S. 323, 324-326 (1940). That case has recently been cited with approval in *United States* v. *Nixon,* 418 U. S. 683, 690-692 (1974). See *Alexander* v. *United States,* 201 U. S. 117, 122 (1906). For an excellent recent discussion of this issue, see *Kaufman* v. *Edelstein,* 539 F. 2d 811, 813-814 (2d Cir. 1976) (Friendly, J.). See and compare *Cohen* v. *Beneficial Industrial Loan Corp.,* 337 U. S. 541, 546 (1949). See generally *United States* v. *Ryan,* 402 U. S. 530, 532-533 (1971); *Grinnel Corp.* v. *Hackett,* 519 F. 2d 595, 596, 598 (1st Cir.), cert. denied sub nom. *Chamber of Commerce of the United States* v. *United Steelworkers of America,* 423 U. S. 1033 (1975).

[2] This case is distinguishable from the case of *In the Matter of a Civil Investigative Demand Addressed to Yankee Milk, Inc.,* 372 Mass. 353 (1977), where the Attorney General appealed from a decision of the Superior Court which clearly had a final and irreparable effect. Cf. *United States* v. *Ryan,* 402 U. S. 530, 533 (1971). See also *Cohen* v. *Beneficial Industrial Loan Corp.,* 337 U. S. 541, 545 (1949).

*Inc.,* 372 Mass. 353, 356 (1977), where the Supreme Judicial Court indicated that C.I.D. matters are to be handled in the same manner as discovery proceedings.

2. Although we do not have to reach any of Buick's other contentions, we consider them by way of dictum (compare *Nantucket Land Council, Inc.* v. *Planning Bd. of Nantucket, ante,* 206, 207-208 [1977]). These arguments, taken as a group, relate to the type of showing the Attorney General must make under the statute in question to support a C.I.D. We look again to the Federal precedents, particularly those in the area of antitrust law. The case of *United States* v. *Morton Salt Co.,* 338 U. S. 632, 642-643 (1950), is especially helpful. Administrative agencies and State officials charged with seeing that a statute is enforced must not only have broad powers of investigation and subpoena; they must also be able to exercise such powers on mere belief that the law is being violated or merely to establish that it has not. *FTC* v. *Standard American, Inc.,* 306 F. 2d 231, 234-235 (3d Cir. 1962), and cases cited. See generally *Yankee Milk,* 372 Mass. at 364-365.

And in this Commonwealth the test under § 6 (1) (*b*) of c. 93A is "simply one of relevance." *Yankee Milk,* 372 Mass. at 356. The burden of showing good cause to set aside or modify the C.I.D. was on Buick. *Id.* at 358-359. See G. L. c. 93A, § 6 (7). Viewing the record as a whole, we discern no error of law or abuse of discretion by the Superior Court judge.

The constitutional issue raised by Buick along similar lines is devoid of merit. The leading case of *United States* v. *Morton Salt Co.,* 338 U. S. at 652, fully disposes of this contention. Moreover, the opportunity for immediate review by a judge pursuant to § 6 (7) provides additional protection against the invasion of any constitutional rights. In any event, even if there was some force to Buick's allegations as initially presented in the Superior Court, the judge, after carefully considering the C.I.D., reduced its scope. See *Finance Commn. of Boston* v. *McGrath,* 343 Mass. 754, 764-766 (1962). It cannot now be said that the

C.I.D., as modified, was too indefinite, exceeded reasonable limits, or was "plainly irrelevant" (see *id.* at 761) to the public interest sought to be protected. See *Yankee Milk,* 372 Mass. at 360-361 & n.8. Compare *Finance Commn. of Boston* v. *McGrath,* 343 Mass. at 766-768.

3. All the other issues raised by Buick have been decided adversely to it in *Yankee Milk, supra.*

*Appeal dismissed.*