# CUNA Mutual Insurance Society vs. Attorney General.

Suffolk.  March 6, 1980. — May 2, 1980.

Present: Hennessey, C.J., Braucher, Kaplan, Wilkins, & Abrams, JJ.

*Practice, Civil,* Appeal. *Attorney General.  Consumer Protection Act. Discovery.*

A single justice of the Appeals Court had authority to allow appellate review of the denial of a motion to set aside a civil investigative demand under G. L. c. 93A, § 6 (7).  [540-541]

In a proceeding under G. L. c. 93A, § 6 (7), by an insurance company to set aside a civil investigative demand in connection with the Attorney General's investigation of unfair or deceptive practices in the conduct of trade or business related to charges for premiums for credit life or credit accident and health insurance in violation of c. 255, § 12G, there was no merit to the company's claims that, as an insurance company, it could not be investigated for alleged violations of c. 255, § 12G, or that the Attorney General is authorized to conduct an investigation only of an identified person, who must be named in the demand and who must be a person that could have committed the alleged violations, and that only such an identified person may be compelled to respond to a civil investigative demand issued under c. 93A, § 6.  [541-544]

Motion filed in the Superior Court Department on February 28, 1979.

The proceeding was heard by *Sullivan*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Joseph F. Ryan* for the plaintiff.

*Susan H. Frey,* Assistant Attorney General, for the defendant.

Wilkins, J.  Pursuant to G. L. c. 93A, § 6 (1), the Attorney General issued a civil investigative demand (C.I.D.) on the defendant (CUNA Mutual), a mutual insurance com-

pany doing business in all fifty States. The demand stated that the Attorney General was investigating "[u]nfair or deceptive practices in the conduct of trade or business related to charges for premiums for credit life or credit accident and health insurance in violation of Massachusetts General Laws, c. 255, § 12G."[1] CUNA Mutual moved, under G. L. c. 93A, § 6 (7), to set aside the C.I.D. A Superior Court judge denied the motion. CUNA Mutual then obtained an order from a single justice of the Appeals Court granting it leave to appeal from the denial of its motion. We transferred the appeal to this court on our own motion. We affirm the order denying the motion to set aside the C.I.D.

1. The Attorney General argues first that an appeal from the denial of a motion to set aside a C.I.D. should not be permitted and that no appeal is appropriate until a final order has been entered under G. L. c. 93A, § 7, for the enforcement of the Attorney General's demand. This argument would be well taken were it not for the order of the single justice of the Appeals Court allowing the appeal.

A single justice of this court or the Appeals Court has the authority to allow appellate review of an interlocutory order.[2] See G. L. c. 231, § 118, as appearing in St. 1977, c. 405; Appeals Court Rule 2:01, as amended, 3 Mass. App. Ct. 805 (1975); *National Ass'n of Gov't Employees, Inc.* v. *Central Broadcasting Corp.*, 379 Mass. 220, 221-222 (1979); *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.* 367 Mass. 464, 470 (1975); *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 429 (1979). Consequently, the appeal is properly before us on the merits of CUNA Mutual's challenge to the C.I.D.

---

[1] The Attorney General had given seasonable notice of his intended action to the Federal Trade Commission and to the plaintiff as required by G. L. c. 93A, § 3 (1) (b) (ii).

[2] Appellate review of an interlocutory order may also be obtained on a report by the judge who entered it. See, e.g., G. L. c. 231, § 111; Mass. R. Civ. P. 64, 365 Mass. 831 (1974).

We have recognized a general policy disfavoring appeals from interlocutory orders. *National Ass'n of Gov't Employees, Inc.* v. *Central Broadcasting Corp., supra* at 222 n.2 (1979). See *Pollack* v. *Kelly*, 372 Mass. 469, 470-472 (1977), and cases cited. Clearly, the order denying CUNA Mutual's motion to set aside the C.I.D. was interlocutory. *Matter of Civil Investigative Demand Addressed to Bob Brest Buick, Inc.*, 5 Mass. App. Ct. 717, 718 & n.1 (1977).[3] Our policy against interlocutory appeals accords with Federal practice concerning judicial review of agency requests for information pursuant to statutory authority. See *FTC* v. *Claire Furnace Co.*, 274 U.S. 160, 174 (1927). There is full opportunity for judicial review on appeal from an adverse judgment in any subsequent § 7 enforcement proceeding. See, e.g., *Attorney Gen.* v. *Industrial Nat'l Bank, ante* 533 (1980). See also *Reisman* v. *Caplin*, 375 U.S. 440, 449 (1964); *Atlantic Richfield Co.* v. *FTC*, 546 F.2d 646, 649-651 (5th Cir. 1977).

2. CUNA Mutual claims that it cannot violate G. L. c. 255, § 12G, which concerns charges by creditors (but not insurers) for credit life insurance and credit accident and health insurance, and that, therefore, the Attorney General may not investigate it for alleged violations of that statute. In addition, CUNA Mutual asserts that the Attorney General is authorized by G. L. c. 93A, § 6, to conduct an investigation only of an identified person, who must be named in the C.I.D. and who must be a person that could have committed the alleged violations of law set forth in the C.I.D.,

---

[3] An order denying a motion to set aside a C.I.D. is to be distinguished from an order allowing a motion to set aside all or part of a C.I.D. In the latter case, the Attorney General is entitled to appeal from that portion of the order that is adverse to him. See *Matter of Civil Investigative Demand Addressed to Yankee Milk, Inc.*, 372 Mass. 353 (1977), in which the Attorney General appealed from an order that modified portions of a C.I.D. That ruling, to the extent it was adverse to the Attorney General, had a final and irreparable effect on his efforts to obtain certain information. *Matter of Civil Investigative Demand Addressed to Bob Brest Buick, Inc.*, 5 Mass. App. Ct. 717, 718 n.2 (1977). Thus, the Attorney General was appealing from a final order. See *Pollack* v. *Kelly*, 372 Mass. 469, 474-476 (1977).

and that only such an identified person may be compelled to respond to a C.I.D. issued under § 6. CUNA Mutual concludes that it need not respond to the C.I.D. because the Attorney General seeks information beyond the scope of what he may properly obtain.

The insubstantiality of CUNA Mutual's arguments can be demonstrated simply by an analysis of the language of G. L. c. 93A, § 6. "The attorney general, whenever he believes a person has engaged in or is engaging in any method, act or practice declared to be unlawful by this chapter, may conduct an investigation to ascertain whether in fact such person has engaged in or is engaging in such method, act or practice." G. L. c. 93A, § 6 (1), as appearing in St. 1969, c. 814, § 3.[4] In conducting such an investigation the Attorney General may take testimony under oath and may "examine or cause to be examined any documentary material of whatever nature relevant to such alleged unlawful method, act or practice." *Id.* We have construed this language as setting forth "a relevance test to define the documents the Attorney General may examine pursuant to a valid investigation." *Matter of Civil Investigative Demand Addressed to Yankee Milk, Inc.,* 372 Mass. 353, 357 (1977).[5]

A notice of the taking of testimony or of an examination must state certain information, including the name of "each person to be examined, if known, and, if the name is not known, a general description sufficient to identify him or the particular class or group to which be belongs." G. L. c. 93A, § 6 (4), as appearing in St. 1969, c. 814, § 3. There is no explicit requirement that the C.I.D. disclose the name

---

[4] The word "person" is defined broadly in G. L. c. 93A, § 1 (a).

[5] There is no requirement that the Attorney General have probable cause to believe that a violation of G. L. c. 93A has occurred. He need only have a belief that a person has engaged in or is engaging in conduct declared to be unlawful by G. L. c. 93A. In these circumstances, the Attorney General must not act arbitrarily or in excess of his statutory authority, but he need not be confident of the probable result of his investigation. *Matter of Civil Investigative Demand Addressed to Bob Brest Buick, Inc.,* 5 Mass. App. Ct. 717, 719 (1977). See *Oklahoma Press Publishing Co.* v. *Walling,* 327 U.S. 186, 216 (1946).

of the person or persons being investigated. Moreover, the language of § 6 (1) and § 6 (4), quoted above, indicates no intention to limit the taking of testimony to the person being investigated or to restrict the investigation of documentary material to documents in the possession of that person.

We reject CUNA Mutual's argument that the Attorney General may issue a C.I.D. only to a person being investigated. Section 6 (1) authorizes the Attorney General, if he believes a person has engaged in violations of G. L. c. 93A, to conduct an investigation concerning "such person," and in doing so he may "require attendance during [an] examination of documentary material of *any person* having knowledge of the documentary material" (emphasis supplied). The limitation for which CUNA Mutual argues would hamper reasonable investigation. Thus, even if it were true that CUNA Mutual could in no circumstances violate G. L. c. 255, § 12G, the Attorney General is not barred from seeking information from CUNA Mutual concerning possible violations of that statute by others — in this case, by Federal credit unions in the Commonwealth.[6]

As we have noted, § 6 does not expressly require an identification in the C.I.D. of a specific person whose conduct is being investigated. We think no such requirement should be implied. There may be instances in which the Attorney General "believes a person has engaged in or is engaging in" unlawful conduct (G. L. c. 93A, § 6 [1]), but he may not be able to determine precisely who that person is. A construction of § 6 that requires every C.I.D. to identify an alleged violator of G. L. c. 93A would not serve the statutory purpose.[7]

---

[6] It is not certain that CUNA Mutual could never be found to have violated G. L. c. 255, § 12G. The C.I.D. sought, among other documents, "any agreement providing for any federal credit union to act as agent of CUNA Mutual . . . in the collection of insurance premiums." Moreover, the issue of what conduct is covered by a particular statute is not appropriately before the court in a § 6 (7) proceeding. See *Attorney Gen.* v. *Moffie,* 179 Conn. 324, 326 (1979).

[7] Attempts in the Federal courts to restrict agency requests for information to targets of an investigation also have been unavailing. See *Casey* v. *FTC,* 578 F.2d 793, 797-798 (9th Cir. 1978); *United States* v. *Marshall*

In any event, CUNA Mutual has no valid reason to claim that the identity of the targets of the investigation in the case before us was unknown. The C.I.D. refers to possible violations of G. L. c. 255, § 12G, by CUNA Mutual and Federal credit unions in the Commonwealth. Thus the C.I.D. indicates that the Attorney General is investigating the activities of CUNA Mutual and of Federal credit unions.[8] The C.I.D. sufficiently identifies the statute whose alleged violation is involved "and the general subject matter of the investigation." G. L. c. 93A, § 6 (4).

The fact that the Commissioner of Insurance may have the power to investigate violations of law by CUNA Mutual does not bar the Attorney General from acting pursuant to his power to investigate possible unfair or deceptive insurance practices. *Dodd* v. *Commercial Union Ins. Co.,* 373 Mass. 72, 79 (1977). Each public official may take appropriate action under his statutory authority.

3. The party moving to set aside a C.I.D. bears a heavy burden to show good cause why it should not be compelled to respond. *Matter of Civil Investigative Demand Addressed to Yankee Milk, Inc.,* 372 Mass. 353, 365 (1977). CUNA Mutual has failed to sustain that burden. The order denying CUNA Mutual's motion to set aside the C.I.D. is affirmed.

*So ordered.*

---

*Durbin & Co.,* 363 F.2d 1, 5 (5th Cir. 1966); *Lightning Rod Mfrs. Ass'n* v. *Staal,* 339 F.2d 346, 347 (7th Cir. 1964).

[8] In its motion to set aside the C.I.D., CUNA Mutual alleged that the C.I.D. "itself clearly indicate[s] that the Attorney General is proceeding against CUNA Mutual."