## ATTORNEY GENERAL vs. BODIMETRIC PROFILES.

Suffolk. November 10, 1988. — February 16, 1989.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Attorney General. Consumer Protection Act*, Investigative demand. *Practice, Civil*, Discovery, Appeal, Parties, Standing. *Waiver. Acquired Immunodeficiency Syndrome.*

Where the recipient of a civil investigative demand issued by the Attorney General failed to bring a timely motion under G. L. c. 93A, § 6 (7), to modify or set aside the demand, the recipient's objections to the demand were thereby waived. [154-155]

In an investigation of possible unlawful methods, acts, or practices the Attorney General may, by means of a civil investigative demand pursuant to G. L. c. 93A, § 6, require the production of relevant documents by an entity which is not the object of the investigation. [156-157]

A party challenging a civil investigative demand issued by the Attorney General bears the burden of showing that the Attorney General acted arbitrarily or capriciously in issuing the demand. [157-158]

The recipient of a civil investigative demand issued by the Attorney General was not entitled to resist compliance with the demand by asserting the contractual or property rights of others. [158]

An assertion, by the recipient of a civil investigative demand issued by the Attorney General, that the requested information was not readily available did not warrant the modification or setting aside of the demand. [158-159]

MOTION filed in the Superior Court Department on December 18, 1987.

The proceeding was heard by *Barbara J. Rouse*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Stephen B. Deutsch* for the defendant.

*Mark S. Coven*, Assistant Attorney General, for the Attorney General.

ABRAMS, J. Bodimetric Profiles (Bodimetric) appeals from an order of a Superior Court judge that it comply with a civil investigative demand (C.I.D.) issued by the office of the Attorney General pursuant to G. L. c. 93A, § 6 (1986 ed.). We transferred the case to this court on our own motion. We affirm.

Bodimetric is a division of American Service Bureau, Inc., an Illinois corporation. Bodimetric serves the life and health insurance industry by gathering physical data relating to insurance applicants and by providing that data to insurers. The physical data gathered by Bodimetric sometimes includes blood samples. When drawing blood, Bodimetric uses blood specimen kits which it purchases from one of two out-of-State blood laboratories. Afterwards, Bodimetric sends the blood sample to one of these two laboratories. Bodimetric employs nurses, paramedics, physicians' assistants, and other persons with medical training.

On May 8, 1987, the Attorney General issued a C.I.D., requiring that Bodimetric provide various documents relating to its practices and policies concerning the drawing of blood.[1] On May 29, 1987, Bodimetric wrote to the Attorney General objecting to the C.I.D. Bodimetric did not file a motion to modify or set aside the C.I.D., pursuant to G. L. c. 93A, § 6 (7). On December 18, 1987, the Attorney General brought a motion to compel answers to the C.I.D., and the judge granted the Attorney General's motion.

---

[1] Five requests were made on Bodimetric:

(1) A list of all Massachusetts residents who, since December 1, 1986, have had blood drawn and/or have had their blood tested by or at the direction of Bodimetric, including the name, address, and telephone number for each person;

(2) For each person contained in the response to question 1, information and all documents, including documents from third parties, which indicate the following:

   (a) the date on which the blood was drawn or test performed;
   (b) the name, address, and telephone number of the person who drew the blood or performed the test;
   (c) the name, address, and telephone number, and contact person for the insurance company who referred the person;
   (d) any tests performed or to be performed on the blood sample; and

1. *Waiver.* General Laws c. 93A, § 6 (7), provides for a method to challenge a C.I.D.: "At any time prior to the date specified in the notice, or within twenty-one days after the notice has been served, whichever period is shorter, the court may, upon motion for good cause shown, extend such reporting date or modify or set aside such demand." This opportunity for prompt review of the propriety of the C.I.D. provides protection against invasion of the rights of the person to whom the demand is addressed. *Matter of a Civil Investigative Demand Addressed to Bob Brest Buick, Inc.*, 5 Mass. App. Ct. 717, 719 (1977).

We have not yet ruled directly on whether failure of a recipient of a C.I.D. to bring a motion to modify or set aside the C.I.D. constitutes a waiver by the recipient of all objections to the C.I.D. See *Attorney Gen.* v. *Industrial Nat'l Bank*, 380 Mass. 533, 537-538 (1980). We reach that question today, and decide that failure to bring such a motion pursuant to G. L. c. 93A, § 6 (7), constitutes a waiver by the person to whom the C.I.D. is served.

The motion to set aside or modify a C.I.D. is analogous to a motion for a protective order pursuant to Mass. R. Civ. P. 26 (c), 365 Mass. 772 (1974).[2] Under the Federal rules, see

---

(e) all of the conditions or diseases for which the blood samples have been or will be tested;

(3) All documents which indicate the policies for drawing blood or performing tests on blood samples for residents of Massachusetts;

(4) All documents, including all correspondence, which indicate the direction or policy of referring insurance companies with regard to drawing blood or testing blood samples for residents of Massachusetts; and

(5) All notices, forms, or other documents which are provided to the person contained in the response to question 1, above, which indicate the purpose of the blood test and/or the conditions or diseases to be tested.

[2] For example, the C.I.D. mechanism has been compared to a subpoena duces tecum. See *Petition of Columbia Broadcasting Sys.*, 235 F. Supp. 684, 687 (S.D.N.Y. 1964). One option for a recipient of a subpoena duces tecum who objects to the subpoena is to bring a motion for a protective order pursuant to Mass. R. Civ. P. 26 (c). See Mass. R. Civ. P. 45 (d) (1), as amended, 399 Mass. 1214 (1987).

*Rollins Envtl. Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975), a recipient of a request for discovery who fails to move for a protective order may be deemed to have waived his objections. *Southern Cal. Theatre Owners Ass'n* v. *United States Dist. Court for the Cent. Dist. of Cal.*, 430 F.2d 955, 956 (9th Cir. 1970). *Wong Ho* v. *Dulles*, 261 F.2d 456, 460 (9th Cir. 1958). *Stephens* v. *Sioux City & New Orleans Barge Lines, Inc.*, 30 F.R.D. 397, 398 (W.D. Mo. 1962). 8 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2035, at 262 (1970 & 1988 Supp.).

Similarly, the recipient of a C.I.D. who objects to the demand has "[t]he burden of showing good cause to set aside or modify the C.I.D." *Matter of a Civil Investigative Demand Addressed to Bob Brest Buick, Inc.*, *supra* at 719. The recipient may not remain passive, as Bodimetric has done, raising legal arguments only after the Attorney General brings a motion to compel. During the seven months after the Attorney General issued the C.I.D., but before he moved to compel, Bodimetric neither complied with the C.I.D. nor brought an action pursuant to G. L. c. 93A, § 6 (7). We note that Bodimetric did promptly send a letter to the Attorney General stating its objections to the C.I.D. However, Bodimetric also should have filed in court a motion to modify or set aside the C.I.D. Merely informing the Attorney General of its refusal to comply does not suffice to shift the burden to the Attorney General to take the next legal step.

Bodimetric did not meet the procedural requirement incumbent on it as a recipient of a C.I.D. for preserving its objections. Thus, Bodimetric has waived its objections to the C.I.D. Because the procedure to be followed had not been articulated prior to this time, we briefly discuss the merits of Bodimetric's arguments. See *Wellesley College* v. *Attorney Gen.*, 313 Mass. 722, 731 (1943).

2. *Subject matter.* The Attorney General asserted as part of his motion to compel that the C.I.D. was necessary to determine whether there had been violations of G. L. c. 111, § 70F (1986 ed.). This statute provides that no health care provider shall test for acquired immunodeficiency syndrome (AIDS) without

first obtaining the written informed consent of the person being tested.[3] Bodimetric argues that the C.I.D. is invalid because G. L. c. 111, § 70F, does not apply to Bodimetric since it is not a health care provider within the meaning of the statute. Further, Bodimetric argues that the C.I.D. is invalid because the Attorney General has not demonstrated a belief that G. L. c. 111, § 70F, was violated. We do not agree with these arguments.

a. "General Laws c. 93A, § 6 (1) (*b*) . . . provides that in investigating possible unlawful methods, acts or practices the Attorney General may 'examine or cause to be examined *any documentary material of whatever nature relevant to such alleged unlawful method, act or practice*' (emphasis added). This provision sets forth a relevance test to define the documents the Attorney General may examine pursuant to a valid investigation." *Matter of a Civil Investigative Demand Addressed to Yankee Milk, Inc.*, 372 Mass. 353, 357 (1977).

Bodimetric contends that the C.I.D. should be modified or set aside because G. L. c. 111, § 70F, does not apply to it. Assuming for the sake of argument that Bodimetric is not governed by G. L. c. 111, § 70F,[4] "the Attorney General is not barred from seeking information . . . concerning possible violations of that statute by others." *CUNA Mut. Ins. Soc'y* v. *Attorney Gen.*, 380 Mass. 539, 543 (1980). Bodimetric admits that it employs nurses, who are expressly designated as "health care provider[s]" for purposes of c. 111, and also physicians' assistants and other persons with medical training who may be governed by the statute as well. See G. L. c. 111, § 1. The

---

[3] General Laws c. 111, § 70F, provides in relevant part: "No health care facility . . . and no physician or health care provider shall (1) test any person for the presence of the HTLV-III antibody or antigen without first obtaining his written informed consent . . . . Whoever violates the provisions of this section shall be deemed to have violated section two of chapter ninety-three A." The Attorney General is empowered to issue a C.I.D. to investigate a violation of G. L. c. 93A, § 2. See G. L. c. 93A, § 6 (1).

[4] We do not express an opinion whether G. L. c. 111, § 70F, can be held to apply to Bodimetric itself as an employer of health care providers.

Attorney General is free to investigate possible violations by these persons, and may require production of documents from a third party, such as Bodimetric, to aid in the investigation. In addition, "the issue of what conduct is covered by a particular statute is not appropriately before the court" when the person to whom the C.I.D. is addressed seeks to have it modified or set aside. *CUNA Mut. Ins. Soc'y* v. *Attorney Gen., supra* at 543 n.6. See *SEC* v. *Brigadoon Scotch Distrib. Co.*, 480 F.2d 1047, 1052-1053 (2d Cir. 1973), cert. denied, 435 U.S. 915 (1974), citing *Oklahoma Press Publishing Co.* v. *Walling*, 327 U.S. 186, 214 (1946); *Ajello* v. *Moffie*, 179 Conn. 324, 329 (1979).

b. General Laws c. 93A, § 6 (1), grants the Attorney General broad investigatory powers: "The attorney general, *whenever he believes* a person has engaged in or is engaging in any method, act or practice declared to be unlawful by this chapter, may conduct an investigation to determine whether in fact such person has engaged in or is engaging in such method, act or practice" (emphasis supplied). Bodimetric argues that, because the Attorney General has not demonstrated that he has a "belief" that a person is engaging or has engaged in a violation of G. L. c. 93A, the Attorney General has acted arbitrarily or capriciously. This argument is meritless. In order to issue a C.I.D., the Attorney General of course must "have a belief that a person has engaged in or is engaging in conduct declared to be unlawful by G. L. c. 93A. In these circumstances, the Attorney General must not act arbitrarily or in excess of his statutory authority, but he need not be confident of the probable result of his investigation." *CUNA Mut. Ins. Soc'y* v. *Attorney Gen., supra* at 542 n.5. The Attorney General, however, does not have the burden of showing that he has such a belief. Rather, the recipient who challenges the C.I.D. bears the burden of showing that the Attorney General acted arbitrarily or capriciously in issuing the demand. See *Matter of a Civil Investigative Demand Addressed to Bob Brest Buick, Inc., supra* at 719. See also *CUNA Mut. Ins. Soc'y* v. *Attorney Gen., supra* at 544. An assertion that the Attorney General has not affirma-

tively demonstrated the validity of his belief is insufficient to establish that the Attorney General has acted arbitrarily or capriciously.[5]

c. Bodimetric argues that the C.I.D. is invalid because it requires Bodimetric to divulge certain trade secrets of the insurance companies it services, and because the C.I.D. requires Bodimetric to intrude on the privacy of the persons from whom it gathers physical data. With both arguments, Bodimetric seeks to assert the rights of others: respectively, the rights of the insurance companies and of the individuals who are tested by Bodimetric. Bodimetric lacks standing to make these arguments. "Ordinarily, one may not claim standing in this Court to vindicate the . . . rights of some third party." *Slama* v. *Attorney Gen.*, 384 Mass. 620, 624 (1981), quoting *Barrows* v. *Jackson*, 346 U.S. 249, 255 (1953). See *Beard Motors, Inc.* v. *Toyota Motor Distribs., Inc.*, 395 Mass. 428, 432 (1985). Bodimetric may have agreed with others to keep certain information confidential but that agreement does not bind the Attorney General.[6]

*3. Burden.* Bodimetric argues that the burden imposed on it in requiring production of the documents outweighs the Attorney General's need for the material. We disagree. Documen-

---

[5] Bodimetric argues that the Attorney General is attempting to bypass a Superior Court's stay of enforcement regarding the regulations of the Commissioner of Insurance concerning AIDS-related testing by the insurance industry. Since the case was briefed, we have held that these regulations are invalid. *Life Ins. Ass'n of Mass.* v. *Commissioner of Ins.*, 403 Mass. 410, 419 (1988). However, there is no merit to Bodimetric's argument. The commissioner's regulations are distinct from G. L. c. 111, § 70F, a violation of which the Attorney General may still investigate. In addition, we note that the Attorney General served the C.I.D. on Bodimetric more than three months before the Commissioner of Insurance promulgated these regulations, and over four months before the Superior Court judge issued the stay.

[6] We note that the C.I.D. did not request the final diagnoses of the tested individuals, but only information concerning which tests were ordered for the blood samples. We further note that the statutory structure of the C.I.D. mechanism helps protect the rights of the insurance companies and the individuals at issue. General Laws c. 93A, § 6 (6), provides that any information produced pursuant to the C.I.D. "shall not, unless otherwise ordered by a court of the commonwealth for good cause shown, be disclosed to any person other than the authorized agent or representative of the attorney general."

tary demands exceed reasonable limits only when they "seriously interfere with the functioning of the investigated party by placing excessive burdens on manpower or requiring removal of critical records." *Matter of a Civil Investigative Demand Addressed to Yankee Milk, Inc.*, *supra* at 361 n.8. However, because the requested information is often peculiarly within the province of the person to whom the C.I.D. is addressed, broad discovery demands may be permitted even when such a demand "imposes considerable expense and burden on the investigated party." *Id.* at 365. Bodimetric merely asserts that the requested information is not readily available. This simple assertion is insufficient to support a finding that the C.I.D. should be set aside or modified.

*Order affirmed.*