CALLAHAN, Circuit Judge,
concurring in part and dissenting in part:
Constrained as I am by the applicable strict standards of review, see Garcia v. Google, Inc., 786 F.3d 733, 739 (9th Cir. 2015) (en banc), and Pimentel v. Dreyfus, *628 670 F.3d 1096, 1105 (9th Cir. 2012), I accept that Defendants have generally failed to carry their burden of showing that the District Court’s grant of a preliminary injunction is an abuse of discretion.
I strongly disagree with my colleagues on the application of the preliminary injunction to law enforcement agencies. The injunction against Defendants sharing information with law enforcement agencies should be vacated because the public policy in favor of allowing citizens to report matters to law enforcement agencies outweighs NAF’s rights to enforce a contract. This was recognized by the Supreme Court over thirty years ago in S.E.C. v. Jerry T. O’Brien, Inc., 467 U.S. 735, 743, 104 S.Ct. 2720, 81 L.Ed.2d 615 (1984) (“It is established that, when a person communicates information to a third party even on the understanding that the communication is confidential, he cannot object if the third party conveys that information or records thereof to law enforcement authorities.”).[1] Accordingly, I find no justification for not allowing Defendants to share the tapes with any law enforcement agency that is interested.
Moreover, the District Court’s determination that the tapes contain no evidence of crimes, even if true, is of little moment as the duties of Attorneys General and other officers to protect the interests of the general public extend well beyond actual evidence of a crime. In United States v. Morton Salt Co., 338 U.S. 632, 643, 70 S.Ct. 357, 94. L.Ed. 401 (1950), the Supreme Court recognized that “[w]hen investigative and accusatory duties are delegated by statute to an administrative body, it, too, may take steps to inform itself as to whether there is probable violation of the law.” See also Wilson Corp. v. State ex rel. Udall, 121 N.M. 677, 916 P.2d 1344, 1348 (1996) (noting that New Mexico’s civil investigative demands “enable the Attorney General to obtain information without first accusing anyone of violating the Antitrust Act.”); CUNA Mut. Ins. Soc. v. Attorney General, 380 Mass. 539, 404 N.E.2d 1219, 1222 (1980) (noting that use of civil investigative demands is not limited only to person being investigated, but extends to seeking information from the insurer concerning possible violations of that statute by others); Ariz. Rev. Stat. § 444524(A) (allowing the Attorney General in investigating a violation to “[ejxamine any merchandise or sample thereof, or any record book, document, account or paper as he may deem necessary.”).
Furthermore, disclosure to a law enforcement agency is not a disclosure to the public. As the Attorneys General amici note: “[l]aw enforcement regularly handles highly sensitive materials, such as the identity of informants, information regarding gangs and organized crime, and the location of domestic violence victims. If law enforcement cannot be trusted to handle information with the potential to risk bodily harm or even death if it falls into the wrong hands, then it simply cannot do its job.” Accordingly, our system of law and order depends on citizens being allowed to. bring whatever information they have, however acquired, to the attention of law enforcement. This case is no exception and the district court erred in preventing Defendants from showing the tapes to law enforcement agencies.
Similarly, the injunction violates this strong public policy by requiring that if a law enforcement agency contacts Defendants and seeks materials covered by the injunction, Defendants must notify NAF of the request and allow NAF time to respond. These conditions inherently interfere with legitimate investigations. See Jerry T. O’Brien. Inc., 467 U.S. at 750, 104 *629 S.Ct. 2720. Moreover, the notice requirement does not purport to protect NAF from subsequent disclosures by a law enforcement agency after it had received the materials.
Whatever the balance between NAF’s contractual rights and the Defendants’ First Amendment rights, law enforcement is entitled to receive information from citizens regardless of how the citizens procure that information. Accordingly, I would vacate the preliminary injunction insofar as it purports to limit Defendants from disclosing the materials to law enforcement agencies and requires that Defendants notify NAF of any request they receive for the materials from law enforcement agencies.

. See also In re U.S. for Historical Cell Site Data, 724 F.3d 600, 610 (5th Cir. 2013); Blinder, Robinson & Co., Inc. v. U.S. S.E.C., 748 F.2d 1415, 1419 (10th Cir. 1984).