750                          5 Mass. App. Ct. 750

Demoulas Super Markets, Inc. *v.* Peter's Market Basket, Inc.

## Demoulas Super Markets, Inc. *vs.* Peter's Market Basket, Inc.

Middlesex.    December 20, 1977. — December 29, 1977.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Practice, Civil,* Review of interlocutory action, Appeal.

A party who seeks to appeal from an interlocutory order under the second paragraph of G. L. c. 231, § 118, must initiate his appeal by filing a notice thereof in the lower court within the time limit specified in rule 4 of the Massachusetts Rules of Appellate Procedure and must thereafter proceed in accordance with the provisions of rules 9 and 10 respecting assembly of the record in the lower court and the docketing of the appeal in this court. [751-754]

CIVIL ACTION commenced in the Superior Court on November 17, 1977.

A motion for a preliminary injunction was heard by *Mitchell,* J.

The case was considered without briefs or oral argument.

ARMSTRONG, J.   This case purports to come before us as an interlocutory appeal under the second paragraph of G. L. c. 231, § 118, as appearing in St. 1977, c. 405.[1] It is

---

[1] Section 118, as so appearing, reads:

"A party aggrieved by an interlocutory order of a justice of the superior court or the judge of the housing court of the city of Boston or the judge of the housing court of the county of Hampden, may file a petition in the appropriate appellate court seeking relief from such order. The appellate court may, in its discretion, grant the same relief as an appellate court is authorized to grant pending an appeal under section one hundred and seventeen.

"A party aggrieved by an interlocutory order of a justice of the· superior court or the judge of the housing court in the city of Boston or the judge of the housing court of the county of Hampden granting, continuing, modifying, refusing or dissolving a preliminary injunction, or refusing to dissolve a preliminary injunction may appeal therefrom to the appeals court or, subject to the provisions of section ten of chapter two hundred and eleven, to the supreme judicial court, which

one of many cases in which parties claiming to be aggrieved by orders entered in the Superior Court on applications for preliminary injunctions have attempted to enter appeals in this court without first filing a notice of appeal in the lower court and without prior compliance with the rules relative to assembly of the record and docketing. The purpose of this opinion is to state our views as to the procedure which must be followed in prosecuting interlocutory appeals under the new statute.[2]

The intent of the Legislature in enacting St. 1977, c. 405, was to eliminate a significant difference between our appellate practice and that of the Federal courts. In *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.*, 367 Mass. 464, 468 (1975), the Supreme Judicial Court observed that the incorporation into our practice of the Federal rules of civil and appellate procedure did not bring with it the Federal practice of allowing interlocutory appeals as of right from orders relating to preliminary injunctions; that that practice was based not on rule, but on a statute, 28 U.S.C. § 1292 (a) (1) (1970); and that the Commonwealth had no corresponding statute. The second paragraph of G. L. c. 231, § 118, inserted by St. 1977, c. 405, tracks the language of § 1292 (a) (1) and was obviously intended to make our practice conform to Federal practice in that respect.

In Federal practice the procedure for taking an appeal from an interlocutory order that is appealable as of right is precisely the same as that for taking an appeal from a final judgment. 9 Moore's Federal Practice par. 110.21

---

shall affirm, modify, vacate, set aside, reverse the order or remand the cause and direct the entry of such appropriate order as may be just under the circumstances. Pursuant to action taken by the appeals court the cause shall be remanded to the trial court for further proceedings.

"The filing of a petition hereunder shall not suspend the execution of the order which is the subject of the petition, except as otherwise ordered by the appellate court."

[2] We issue this opinion without first entertaining briefs or argument in order to dispel promptly the apparent confusion which has arisen as to the import and requirements of the new statute.

752                                5 Mass. App. Ct. 750

Demoulas Super Markets, Inc. *v.* Peter's Market Basket, Inc.

(2d ed. 1975). There is nothing in our statutes or rules which necessitates or justifies a different practice. See *Rollins Environmental Serv. Inc.* v. *Superior Court,* 368 Mass. 174, 179 (1975). Thus, a party who appeals under the second paragraph of G. L. c. 231, § 118, from an order "granting, continuing, modifying, refusing or dissolving a preliminary injunction, or refusing to dissolve a preliminary injunction," must initiate his appeal by filing his notice thereof in the lower court within the time limit specified in Mass.R.A.P. 4, 365 Mass. 846 (1974), measured from the date of entry of the order appealed from. He must thereafter proceed in accordance with the provisions of Mass.R.A.P. 9, 365 Mass. 851 (1974), and 10, as amended effective February 24, 1975, 367 Mass. 919, respecting assembly of the record in the lower court and the docketing of the appeal in this court. See *Westinghouse Elec. Supply Co.* v. *Healy Corp., ante,* 43, 60-61 (1977). An appeal entered directly in this court without compliance with those procedures has no standing and will be dismissed.[3]

Two other features of interlocutory appeals under 28 U.S.C. § 1292 (a) (1), should be noted. First, such an appeal is permissive, not mandatory, in the sense that a person aggrieved by an order granting or denying a preliminary injunction is not foreclosed by his failure to ap-

---

[3] Confusion has apparently resulted from the statutory placement of the new interlocutory appeal procedure in the same section with another remedy which, though obtainable in an appellate court, is not appellate in nature. The first paragraph of G. L. c. 231, § 118, which derives from G. L. c. 214, § 22, as in effect prior to St. 1973, c. 1114, § 62, authorizes a single justice, inter alia, to suspend, modify or annul an interlocutory order entered in the Superior Court or a Housing Court. Relief under the first paragraph of § 118 is sought by a petition which sets out in narrative form the proceedings below and the basis for the relief sought, and such relief is generally not given until after a hearing has been held by a single justice. Unlike an appeal, which is heard on the basis of the record in the court below, the single justice normally hears a petition under the first paragraph on the basis of representations of the parties and copies of such affidavits or other papers as the parties may file, although the single justice may, in his discretion, send for and examine the original papers which were before the lower court.

5 Mass. App. Ct. 750                                    753

Demoulas Super Markets, Inc. *v.* Peter's Market Basket, Inc.

peal from it, but may raise the issues presented by the interlocutory order (assuming they are of continuing relevance) on his appeal from the final judgment. 9 Moore's par. 110.18. Second, it is a general rule that the filing of a timely and valid notice of appeal from such an order divests the lower court of authority to proceed further with respect to the matters involved in the appeal, except in aid of the appeal. 9 Moore's par. 203.11. The filing of such an appeal, however, does not divest the lower court of jurisdiction to proceed with the action on the merits. *Ex parte Natl. Enameling & Stamping Co.,* 201 U. S. 156, 162 (1906). *Phelan* v. *Taitano,* 233 F. 2d 117, 119 (9th Cir. 1956). *Janousek* v. *Doyle,* 313 F. 2d 916, 920-921 (8th Cir. 1963). *DePinto* v. *Provident Security Life Ins. Co.,* 374 F. 2d 50, 51 n.2 (9th Cir.), cert. denied, 389 U. S. 822 (1967). *United States* v. *Chicago,* 534 F. 2d 708, 711 (7th Cir. 1976). Lastly, it should be observed that, by the terms of the third paragraph of G. L. c. 231, § 118, the filing of the appeal "does not suspend the execution of the order which is the subject of the [appeal] . . . ."[4]

Interlocutory appeals authorized by the 1977 amendment are beginning to be entered in this court in substantial numbers. In some, motions have been filed for speedy hearing of the appeal. Our general practice, subject to exception when particular circumstances necessitate, has been and will be to deny such motions. Given the present disequilibrium in appellate dockets[5] and the preference

---

[4] The statute is not entirely clear on this point. The single sentence in the third paragraph refers to the "filing of a *petition* hereunder" and the "order which is the subject of the *petition*" (emphasis supplied both places), and the word "petition" is used previously only with respect to applications for single justice relief under the first paragraph. The sentence in question appeared at the end of the first paragraph prior to St. 1977, c. 405, which added the second paragraph. We can think of no reason for detaching the sentence from the first paragraph and moving it to the end of the section other than to make it applicable as well to appeals under the new second paragraph.

[5] The total number of appeals entered in this court has risen from 393 in the first year of its existence (August, 1972, through July, 1973) to an even 1,000 in the most recent corresponding period (August, 1976 through July, 1977). Appellate entries in the calendar year

customarily accorded criminal appeals (see Mass.R.A.P. 31[b], 365 Mass. 879 [1974]), a contrary policy would present a real danger that few (if any) appeals from final judgments in civil cases could reach our hearing lists. We do not think that the Legislature intended that we prefer interlocutory appeals as a class over appeals from final judgments, especially in the light of the availability of relief from a single justice by the more efficient procedure set out in the first paragraph of § 118.[6]

*Appeal dismissed without costs.*

---

1977, not yet finished, have so far totalled 1,163. As of December 12, 1977, the backlog of appeals which were fully briefed and ready for argument (counting multiple appeals consolidated for briefing and oral argument as one appeal only) numbered 309. The corresponding number at the time of *Westinghouse Elec. Supply Co.* v. *Healy Corp.* was 219. See *supra* at 65 n.38.

