Rescript Opinions.

CHARGER INVESTMENTS, INC. *vs.* CITY OF REVERE & others (and a companion case). May 17, 1979. The plaintiffs, the operators of establishments in the nature of lounges in the city of Revere, held Sunday entertainment licenses issued pursuant to the first paragraph of G. L. c. 136, § 4, for the calendar year 1978, together with common victualler (G. L. c. 140, § 2) and all alcoholic on premises liquor licenses (G. L. c. 138, § 12). Under the entertainment licenses they provided diversion for their patrons consisting of "dances performed by females to the accompaniment of music from phonograph records and a live band." In January, 1978, the city questioned the validity of the Sunday entertainment licenses on the basis that they lacked the approval of the mayor as required by the terms of the first paragraph of G. L. c. 136, § 4. The plaintiffs filed complaints in the Superior Court against the city, its mayor, licensing board, and police chief, seeking declaratory and injunctive relief on assertions that the licenses, having been approved by the licensing board, were valid without the mayor's approval, and that G. L. c. 136, § 4, is unconstitutional on its face. Preliminary injunctions were requested from a judge of the Superior Court seeking to restrain all the defendants from commencing any civil or criminal proceedings before any forum or agency regarding the status of the licenses. After consideration, the judge denied the requests for preliminary relief, and the plaintiffs appealed from the judge's order pursuant to the second paragraph of § 118 of G. L. c. 231, as appearing in St. 1977, c. 405. *Demoulas Super Mkts., Inc.* v. *Peter's Mkt. Basket, Inc.*, 5 Mass. App. Ct. 750 (1977).

We need not reach the questions briefed and argued whether the judge abused his discretion or erred in his application of the underlying law in denying the applications for injunctive relief (see *Jones* v. *Massachusetts Bay Transp. Authy., ante* 915 [1979], and discussion in 11 Wright & Miller, Federal Practice and Procedure § 2962 [1973]) because the requests for preliminary relief resolved themselves with the expiration of the licenses at the end of calendar year 1978. The declaratory relief sought, apart from a preliminary injunction, can still serve as a basis (with appropriate amendments to the complaints as needed) for the determination of the present status of Sunday entertainment in the plaintiffs' lounges and provide the adjudicative facts necessary for proper review of the constitutional questions raised in connection with the application of G. L. c. 136, § 4. See Note, 69 Harv. L. Rev. 1302, at 1311-1313 (1956). The disputes are not at this point, as contended by the plaintiffs, within the category of controversies "capable of repetition, yet evading review." *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 708 (1976).

*Appeals dismissed.*

*Kenneth H. Tatarian* for the plaintiffs.
*Richard B. Villiotte*, City Solicitor, for the city of Revere & others.