DEMETRA C. MANOUSOS & others, trustees,[1] vs.
CHARLES F. SARKIS & another.[2]

Norfolk.  October 7, 1980. — January 19, 1981.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Practice, Civil*, Appeal, Interlocutory appeal, Injunction, Bond.

Where the defendants in an action by a landlord to recover amounts al-
legedly due under a lease obtained a preliminary injunction prohibit-
ing the landlord from taking any action terminating the lease or evict-
ing the defendants which, by its terms, was to continue until a speci-
fied date at which time the court would determine the amount of bond
to be filed by the defendants, a subsequent determination of the
amount of the bond required for continuation of the injunction was
not subject to review under G. L. c. 231, § 118, second par., in the ab-
sence of a showing that the subsequent order was applicable in circum-
stances materially different from those of the initial adjudication or in
the absence of a claim that security was set so high as effectively to ter-
minate the litigation.  [320-323]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 19, 1979.

A motion to dissolve a preliminary injunction or to re-
quire a bond was heard by *Garrity*, J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Edward Woll, Jr.*, for the defendants.

*Charles F. Choate* (*Harris G. Gorab* with him) for the
plaintiffs.

HENNESSEY, C.J.  We hold that an interlocutory appeal
challenging a determination of the amount of an injunction

---

[1] Virginia Alex and Christos Alex, trustees of the Demetra C. Manousos
Trust.

[2] Boraschi's Villa, Inc., a corporation in which Charles F. Sarkis is the
sole stockholder.

bond is not authorized as of right by G. L. c. 231, § 118. We therefore dismiss the appeal, although the parties will be free to secure review on appeal following final judgment. *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 613-614 (1980). *Demoulas Super Mkts., Inc.* v. *Peter's Mkt. Basket, Inc.*, 5 Mass. App. Ct. 750, 753 (1977).

On March 14, 1980, the defendants posted a $60,000 injunction bond required by the judge below for the continuation of an injunction which they had previously obtained without a bond. The defendants challenged this requirement and sought review in the Appeals Court. On May 15, 1980, we granted the defendants' application for direct appellate review. Except as noted, the facts are undisputed. On April 26, 1968, the trustees of a real estate trust (landlord), and the defendant Sarkis[3] executed a twenty-five year lease of property in Dedham, to be used as a restaurant. The present controversy began with a dispute concerning the apportionment of real estate taxes on the property and the interpretation of a "cost of living" clause in the lease. The landlord claimed that 1968 was the base year from which a cost of living rental increase was to be computed, while the tenants claimed that any such increase should be computed from a base year of 1978. The tenants tendered payment according to their interpretation of the lease and the landlord refused to accept such payment. The landlord then attempted to terminate the lease, and brought an action both to recover the accrued deficiency in real estate taxes claimed to be due and to declare the base year of the cost of living clause to be 1968. In response, the tenants sought to enjoin the landlord from taking any action terminating the lease or evicting the tenants.

This appeal arises from the issuance of the requested injunction on November 20, 1979. None of the parties contend that the issuance of the injunction was improper. The

---

[3] Following execution of the lease, the defendant Sarkis assigned the lease to Boraschi's Villa, Inc., although Sarkis remained individually obligated to fulfil all the terms of the lease.

terms of the injunction, typewritten in their entirety except for the words we italicize here, concluded, "This injunction is to be continued until *March 3, 1980 at which time the court will determine the amount of bond to be filed*."[4] This sentence reflects, claim the tenants, the motion judge's postponing until March 3, 1980, a determination as to *whether* and in what amount a bond would be required. The landlord claims that by its terms the injunction makes clear that a bond would indeed be required but that the determination of amount was delayed until March 3, 1980, to allow the landlord to obtain the December, 1979, consumer price index from which to compute his claimed damages. The landlord, pursuant to Mass. R. A. P. 8 (e), as appearing in 378 Mass. 934 (1979), petitioned a single justice to direct the lower court to certify and to transmit to this court a supplemental record of what transpired at the November 20 hearing. This petition was opposed by the tenants and was denied by the single justice. We think that the terms of the injunction and Mass. R. Civ. P. 65 (c), 365 Mass. 832 (1974), make it quite clear that a bond would be required. We therefore consider the tenants' challenge to be directed at the amount of the bond.

Before the March 3, 1980, hearing the landlord filed a motion to dissolve the injunction or in the alternative to require a bond. At the hearing on March 3, 1980, the judge continued the injunction by the following notation handwritten in the margin of the landlord's proposed motion: "After a hearing, [b]ond set in amount of $60,000 [t]o be posted by 3/12/80 or injunction dissolved." The tenants obtained the bond and brought this appeal, claiming that the amount of the bond was established at $60,000, with no evidence to support such a figure, in order to secure the landlord's asserted claim to approximately $60,000 in unpaid

---

[4] The injunction had originally been typewritten as follows: "This injunction is to be continued until a final judgment in this action or until further order of this court." The typewritten words were struck and were replaced by the handwritten interlineations italicized above.

rent. The tenants question the power of the motion judge to use an injunction bond to secure a subsequent judgment on the merits. As the tenants characterize the issue presented it is whether, having only evidence of the principal claim of the party enjoined, the judge can condition the continuation of the injunction on the posting of security in the amount of this principal claim.

The landlord, although asserting that the claim for unpaid rent is a proper measure to determine the amount of the bond, challenges the availability of appellate review. The landlord questions whether this appeal falls within the "narrow exception to our more general policy that interlocutory rulings may not be presented piecemeal" created by G. L. c. 231, § 118, second par. *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 612 (1980). We conclude that G. L. c. 231, § 118, does not authorize this interlocutory appeal.

General Laws c. 231, § 118, second par., as appearing in St. 1977, c. 405, provides that "[a] party aggrieved by an interlocutory order of a justice of the superior court . . . granting, continuing, modifying, refusing or dissolving a preliminary injunction, or refusing to dissolve a preliminary injunction may appeal therefrom" to the Appeals Court or, subject to G. L. c. 211, § 10, to this court. Prior to the inclusion of this language in § 118, parties were not entitled to interlocutory appeals as of right from orders granting or denying preliminary injunctions. Before the enactment of G. L. c. 231, § 118, second par., we held that adoption of Mass. R. Civ. P. 65, 365 Mass. 832 (1974), did not incorporate "wholly statutory" Federal practice, see 28 U.S.C. § 1292(a)(1) (1976),[5] permitting interlocutory appeals as of right from orders granting or denying injunctive relief. *Foreign Auto Imports, Inc.* v. *Renault Northeast, Inc.*, 367 Mass. 464, 468 (1975). Following our decision in *Foreign*

---

[5] "(a) The courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . ."

*Auto,* the Legislature enacted G. L. c. 231, § 118, second par., the terms of which are virtually identical to 28 U.S.C. § 1292(a)(1) (1976). Where the Legislature in enacting a statute follows a Federal statute, we follow the adjudged construction of the Federal statute by the Federal courts. *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. 609, 611 (1980). We look, therefore, to the interpretation of 28 U.S.C. § 1292(a)(1) to resolve questions regarding interlocutory appellate review under G. L. c. 231, § 118. See *Demoulas Super Mkts., Inc.* v. *Peter's Mkt. Basket, Inc.,* 5 Mass. App. Ct. 750, 752 (1977). See generally 9 Moore's Federal Practice pars. 110.20-110.21, 110.25 (2d ed. 1980 & Cum. Supp.); 16 C.A. Wright & A.R. Miller, Federal Practice and Procedure §§ 3920-3924 (1977); 11 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2962 (1973).

In the *Packaging Indus.,* case we observed that: "The Federal statute, like our own, creates an exception to the normal rule that only final judgments may be subject to appeals. See *Baltimore Contractors, Inc.* v. *Bodinger,* 348 U.S. 176, 178 (1955); *Pollack* v. *Kelly,* 372 Mass. 469, 470-472 (1977). 'The exception is a narrow one and is keyed to the "need to permit litigants to effectually challenge interlocutory orders of serious, perhaps irreparable consequence."' *Gardner* v. *Westinghouse Broadcasting Co.,* 437 U.S. 478, 480 (1978), quoting from *Baltimore Contractors, Inc.* v. *Bodinger, supra* at 181. The statute thus creates only a narrow exception to our more general policy that interlocutory rulings may not be presented piecemeal to the Appeals Court or to this court for appellate review. *Pollack* v. *Kelly, supra.* *Giacobbe* v. *First Coolidge Corp.,* 367 Mass. 309, 312 (1975) . . . . Therefore, G. L. c. 231, § 118, second par., is limited to orders that 'grant or protect at least part of the permanent relief sought as an ultimate result of the action.' 16 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 3921, at 10 (1977)." *Packaging Indus. Group, Inc.* v. *Cheney, supra* at 612-613.

We think that the order conditioning the continuation of the injunction on the posting of a bond was intended to

"protect at least part of the permanent relief sought as an ultimate result of the action." We also think that, according to the literal terms of the statute, this order continued, modified, and conditionally dissolved the injunction. A literal reading of the statute, however, would "sanction wholesale circumvention of the salutary rule of nonappealability," see *Financial Servs., Inc.* v. *Ferrandina*, 474 F.2d 743, 745 (2d Cir. 1973), and would provide artful pleaders with potentially perpetual opportunities to appeal from orders that continue, modify, or refuse to dissolve or modify injunctions. "Interlocutory appeals might seem to be open without end under the provision for appeals from orders 'continuing, modifying, . . . or refusing to dissolve or modify injunctions.' A dissatisfied litigant who has lost an initial appeal, or allowed the time for appeal to run, need only apply for modification to produce a new opportunity. Fortunately, this potential has not been realized." 16 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 3924, at 87 (1977). When the time in which an appeal may be taken from the original order has expired, as it has here, an appeal may not be had in the absence of changed circumstances by simply moving to modify or dissolve the injunction and then appealing from the denial of the motion. Cf. *Stiller* v. *Squeez-A-Purse Corp.*, 251 F.2d 561, 563 (6th Cir. 1958). "In addition to . . . direct discouragement of multiple applications, further discouragement is found in the narrow scope of review available for orders that refuse to modify or dissolve a previously issued injunction. Ordinarily, review should not include the propriety of the original order, but should be confined to the propriety of refusing to vacate or modify it. *The evident purpose of the statute is to permit review of orders made in response to claims of changed circumstances . . .*" (emphasis supplied). 16 C.A. Wright & A.R. Miller, *supra* at § 3924, p. 88. With this statutory purpose in mind, we think that no appeal from this interlocutory order may be brought unless the tenants can demonstrate that the challenged order is applicable in circumstances materially different from those of

the initial adjudication and thus is the functional equivalent of a readjudication on the merits. No such showing has been made in this case.

The order from which the tenants appeal merely implements a prior adjudication without reexamination of the merits. The limits of the injunction were clear when entered and remained unchanged throughout the litigation. No party challenges as overbroad or inappropriate those acts which are enjoined. Indeed, in the peculiar procedural posture in which this case is presented, no appeal could now be brought challenging the merits of the injunction as originally issued, see Mass. R. A. P. 4, as appearing in 378 Mass. 928 (1979), the only open issue now being the determination of the amount of security required. We think the judge below could properly condition the continuation of the injunction on the posting of reasonable security by the tenants. This linkage of injunction with security is common practice under Mass. R. Civ. P. 65 (c), and the subsequent implementation of such a condition does not require a reexamination of the merits of the prior injunction. No interlocutory appeal may be brought therefrom, at least where, as here, there is no claim that security was set so high as effectively to terminate the litigation. Cf. *Klein* v. *Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971). The appeal is therefore dismissed.

*So ordered.*