SEAN P. MCGRATH & another[1] *vs.* SCOTT J. MCGRATH
& others.[2]

No. 05-P-512.

Suffolk. January 12, 2006. - March 3, 2006.

Present: KANTROWITZ, COHEN, & GRAHAM, JJ.

*Practice, Civil,* Appeal, Review of interlocutory action. *Appeals Court,* Jurisdiction.

This court concluded that a single justice of this court did not have jurisdiction to entertain a petition brought under G. L. c. 231, § 118, first par., from a Superior Court order denying reconsideration of an earlier interlocutory order, from which no such petition was filed, where the filing of the motion for reconsideration did not enlarge or create a new thirty-day time period for filing the petition from the original adverse ruling, and where there was nothing substantially new or newly supported presented in the motion for reconsideration. [672-673]

CIVIL ACTION commenced in the Superior Court Department on July 1, 2002.

A motion for partial summary judgment was heard by *Ernest B. Murphy*, J., and a motion for reconsideration was heard by him.

A proceeding for interlocutory review was heard in the Appeals Court by *Lenk*, J., and the matter was referred by her to a panel of the court.

*Daniel J. Gleason* for the plaintiffs.

*Bruce A. Singal* for the defendants.

KANTROWITZ, J. Does a single justice of this court have jurisdiction to entertain a petition brought under G. L. c. 231, § 118, first par., from a Superior Court order denying reconsideration of an earlier interlocutory order, from which no

---

[1]David J. McGrath.

[2]Christopher R. McGrath and Stephen W. Howe.

such petition was filed? General Laws c. 231, § 118, first par., provides in pertinent part: "A party aggrieved by an interlocutory order of a trial court justice . . . may file, within thirty days of the entry of such order, a petition in the appropriate appellate court seeking relief from such order." General Laws c. 231, § 118, second par., concerns interlocutory appeals from preliminary injunctions.

*Manousos* v. *Sarkis*, 382 Mass. 317, 322 (1981), which deals with G. L. c. 231, § 118, second par., provides that "[w]hen the time in which an appeal may be taken from the original order has expired, as it has here, an appeal may not be had in the absence of changed circumstances by simply moving to modify or dissolve the injunction and then appealing from the denial of the motion." Seeing no sound reason to diverge from the rule concerning the second paragraph of G. L. c. 231, § 118, we extend that rationale to petitions filed under that section's first paragraph. As such, "[t]he filing of a motion for reconsideration in the lower court does not enlarge or create a new thirty-day time period. The denial of a motion for reconsideration, unless a substantially new or newly supported motion, is not considered an interlocutory order within the meaning of G. L. c. 231, § 118, [first par.]" 2 Ahearn & Foley, Appellate Practice in Massachusetts § 22.3.1(a) (MCLE rev. ed. 2000 & Supp. 2004).

*Background.* The underlying dispute is of no real significance in deciding this matter. Briefly, it involves a nasty family squabble between five siblings respecting their shares in various real estate holdings obtained from their late father's estate. After partial summary judgment entered against them, the appellants did not seek appellate review pursuant to G. L. c. 231, § 118, first par., within thirty days.[3] Instead, they filed a motion for reconsideration in the trial court, which was denied. From

---

[3]We note that partial summary judgments disposing of one or more but fewer than all the issues in a case are interlocutory in nature and cannot be appealed as a matter of right. See *Long* v. *Wickett*, 50 Mass. App. Ct. 380, 385 n.6 (2000); 1 Appellate Practice in Massachusetts § 6.2.1(c) (MCLE 2d ed. & Supp. 2004). In this case, the appellants did not seek certification pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 820 (1974), which may have permitted entry of judgment on a portion of the case, from which an appeal may have been taken; nor did they ask the judge to report his decision pursuant to Mass.R. Civ.P. 64(a), as amended, 423 Mass. 1403 (1996).

that latter adverse decision, they sought interlocutory appellate review by filing a petition under the first paragraph of G. L. c. 231, § 118.

The single justice, citing *Manousos* v. *Sarkis, supra,* denied the petition concluding that "[t]he petitioners have not demonstrated that the motion for reconsideration involved matters that were substantially new or newly supported, and my review of the pertinent papers suggests that such a showing likely cannot be made." The single justice did, however, acknowledge the appellants' argument that there remained some confusion in the area and, as such, referred her decision — that the petition was untimely and that the single justice lacked jurisdiction to entertain it — to a full panel of this court.

*Discussion.* We need go no further than the holding in *Manousos* to resolve this matter. The underpinning of *Manousos* is the recognition that G. L. c. 231, § 118, "creates only a narrow exception to our more general policy that interlocutory rulings may not be presented piecemeal to the Appeals Court or to [the Supreme Judicial Court] for appellate review." *Manousos* v. *Sarkis,* 382 Mass. at 321. The concern was that if such were not the rule, a creative party could engage in numerous opportunities to appeal from adverse rulings, thus significantly and needlessly aging the case. See *id.* at 322. See also *Muir* v. *Hall,* 37 Mass. App. Ct. 38, 41 (1994). If the rule were otherwise, "a dilatory defendant would receive not only his allotted bite at the apple, but an invitation to gnaw at will." *Fisichelli* v. *Methuen,* 884 F.2d 17, 19 (1st Cir. 1989) (involving similar procedural circumstances under rule 4[a][4] of the Federal Rules of Appellate Procedure).[4]

As the appellants here only filed a petition from an adverse ruling on a motion to reconsider, the single justice was correct in determining, as there were no changed circumstances,[5] that

---

[4]Rule 4(a) of the Massachusetts Rules of Appellate Procedure, as amended, 430 Mass. 1603 (1999), in relevant part, tracks Fed.R.A.P. (4)(a)(4). *Selby Assocs.* v. *Boston Redev. Authy.,* 27 Mass. App. Ct. 1188, 1190 n.2 (1989). *Selby Assocs.* is also instructive in that it concerns the filing of a motion for reconsideration as well as a notice of appeal. *Id.* at 1189-1190. Compare *Raheman* v. *Raheman,* 59 Mass. App. Ct. 915, 916 (2003).

[5]We agree with both the single justice and the appellee that there was noth-

McGrath *v.* McGrath.

she lacked jurisdiction to hear the petition, filed more than thirty days after the original adverse ruling.

> *Order of the single justice*
> *affirmed.*

ing "substantially new or newly supported" presented at the motion for reconsideration.