NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

17-P-609                                    Appeals Court

ANTHONY DeLUCIA  vs.  ROBERT G. KFOURY, trustee.[1]


No. 17-P-609.

Bristol.     February 5, 2018. - April 25, 2018.

Present:  Green, C.J., Henry, & Singh, JJ.


Lis Pendens.  Appeals Court, Jurisdiction.  Practice, Civil,
    Interlocutory appeal, Enlargement of time.



Civil action commenced in the Superior Court Department on
October 17, 2016.

A special motion to dismiss was heard by Renee P. Dupuis,
J.


Bruce A. Assad (Robert M. Novack also present) for the
defendant.
Robert E. McLaughlin, Jr., for the plaintiff.


GREEN, C.J.  In 2002, the Legislature rewrote G. L. c. 184,

§ 15, the so-called "lis pendens statute."  See St. 2002,

c. 496, § 2.  Among other changes, the amended statute provided

a procedural mechanism for a party aggrieved by approval of a

_____

[1] Of the RKG Realty Trust.

memorandum of lis pendens to file a special motion to dismiss the action giving rise to the lis pendens if the action is frivolous.  See G. L. c. 184, § 15(c); Galipault v. Wash Rock Investments, LLC, 65 Mass. App. Ct. 73, 81-82 (2005).  In turn, under G. L. c. 184, § 15(d), "[a]ny party aggrieved by a ruling under [§ 15](c) or by the denial of an ex parte motion for a lis pendens, may appeal pursuant to the first or second paragraphs of section 118 of chapter 231."  The present case illustrates a trap for the unwary lurking in the interplay between the two statutes, operating in conjunction with the rules governing the practice of the single justice of this court.  The defendant in the present case sought, by special motion, to dismiss the plaintiff's complaint, and then (after denial of his special motion) sought review of that denial by a single justice of this court by filing a petition under the first paragraph of G. L. c. 231, § 118.  Upon denial of relief (because the single justice is without authority to dismiss a complaint), the defendant filed in the Superior Court a notice of appeal pursuant to the second paragraph of § 118.  Because more than thirty days had passed since the underlying order denying his special motion to dismiss, the defendant first requested, and obtained, an order from a judge of the Superior Court for an enlargement of time to file the notice of appeal.  Unfortunately for the defendant, however, the Superior Court judge was without

authority to enlarge the time for appeal, and his order purporting to do so was a nullity.  We are thus constrained to dismiss the appeal, as we are without jurisdiction to entertain it.

Background.  By complaint filed in the Superior Court, the plaintiff asserted claims for breach of contract, breach of fiduciary duty, and specific performance, arising out of a joint venture between the plaintiff and the defendant for development of property in Fall River owned by the defendant.[2]  The plaintiff also filed an ex-parte motion for a memorandum of lis pendens, which the judge allowed.  The defendant moved to dissolve the memorandum of lis pendens and filed a special motion to dismiss the complaint pursuant G. L. c. 184, § 15(c).  On January 31, 2017, the judge denied the defendant's motions.  By petition filed on March 1, 2017, within the thirty-day period prescribed

---

[2] Pursuant to the joint venture agreement, the plaintiff was to recruit potential tenants for the property, and the property was to be transferred to a limited liability company between the parties upon consummation of a lease with a suitable tenant. The property was then to be marketed for sale, with ninety percent of any value above an established base price to be allocated to the plaintiff.  According to the allegations in the complaint (which for purposes of the motion to dismiss and lis pendens we accept as true), the plaintiff negotiated favorable terms of a lease with Cumberland Farms, and presented the lease to the defendant toward the end of the term established by the joint venture agreement, only to have the defendant, in bad faith, delay acceptance of the lease in order to enter the lease with Cumberland Farms on his own, free of any obligation to share profits with the plaintiff.

by G. L. c. 231, § 118, first par., the defendant then sought interlocutory relief before a single justice of this court. On March 2, 2017, that petition was denied, by reason of a lack of authority by the single justice to grant the requested relief, and the case was closed.[3] See Mass.R.A.P. 15(c), 365 Mass. 859 (1974) ("a single justice may not dismiss or otherwise determine an appeal or other proceeding").

On March 22, 2017, the defendant filed a motion for reconsideration by the single justice, in which he asked the single justice to refer the case to a full panel of this court for consideration. On March 24, 2017, before any action had been taken on the motion for reconsideration, the defendant filed in the Superior Court a motion for an enlargement of time to file a notice of appeal to a panel of the Appeals Court. A judge of the Superior Court allowed the defendant's motion for enlargement and, on March 30, 2017, the docket of the single justice matter recorded an entry observing that "[a] review of the trial court docket shows that the petitioner's motion to file a late notice of appeal to a panel of the Appeals Court was allowed; accordingly, no action is necessary." On April 4, 2017, the defendant filed in the Superior Court a notice of appeal under G. L. c. 231, § 118, second par. At oral argument,

---

[3] DeLucia vs. Kfoury, Appeals Court, No. 2017-J-0090 (March 2, 2017).

we raised the question of timeliness of the defendant's appeal, and invited the parties to submit supplemental memoranda addressing the question.

Discussion. As the single justice correctly observed, he was without authority to dismiss the plaintiff's complaint, by virtue of the provisions of Mass.R.A.P. 15(c). See also Pemberton v. Pemberton, 9 Mass. App. Ct. 809, 809 (1980) ("[The] power to render any judgment and to make any order that ought to have been made open the whole case . . . rest[s] solely with a panel of [t]hree justices who constitute a quorum to decide all matters required to be heard by the appeals court") (internal quotation marks omitted).

We are unpersuaded by the defendant's contention that G. L. c. 184, § 15(d), should be construed to override the limitation on the authority of the single justice, in order to give effect to a legislative intent to provide an avenue for an "expedited dissolution of an unjustified memorandum of lis pendens." Galipault v. Wash Rock Investments, LLC, supra at 74. As a threshold matter, the limitation on the authority of the single justice imposed by Mass.R.A.P. 15(c) does not render the right of appeal from a ruling under G. L. c. 184, § 15(c), either illusory or a nullity; the single justice is empowered to grant relief from any order allowing a special motion to dismiss a

complaint pursuant to the statute.[4]  The defendant is also incorrect in his assertion that the Legislature must have intended to allow the single justice to reverse an order denying a special motion to dismiss, in order to avoid the longer time period ordinarily required to pursue a panel appeal; nothing in G. L. c. 184, § 15, says explicitly, or otherwise suggests, that an order of the single justice directing dismissal of a complaint shall be final, or could not thereafter be appealed to the full court.

Having determined that the single justice correctly determined that he was without authority to dismiss the complaint, we turn to the question of the timeliness of the present appeal.  General Laws c. 231, § 118, second par., as amended through St. 1987, c. 208, § 2, prescribes a thirty-day appeal period.[5]  The defendant's notice of appeal from the order denying his special motion to dismiss and dissolution of a lis

---

[4] In that regard, the limitation on the authority of the single justice operates in much the same manner as in the circumstance of an appeal claiming that a trial court judge erred in denying a motion to dismiss a complaint, or a motion for summary judgment, on any other basis.  Of course, in appropriate cases the single justice may, as a matter of discretion, refer a case for panel consideration.  See, e.g., CUNA Mut. Ins. Soc. v. Attorney Gen., 380 Mass. 539, 540 (1980).

[5] "A party aggrieved by an interlocutory order . . . may appeal . . . to the appeals court. . . .  An appeal . . . shall be taken within thirty days of the date of the entry of the interlocutory order."  G. L. c. 231, § 118, second par.

pendens was filed over a month after the thirty-day appeal period had expired.  The appeal period, set by statute, cannot be enlarged.[6]  See Morales v. Appeals Court, 427 Mass. 1009, 1010 (1998), quoting from Friedman v. Board of Registration in Medicine, 414 Mass. 663, 665 (1993) ("[A] statutory appeal period . . . cannot be overridden by a contrary rule of court when the manner and time for effective filing of an appeal are delineated in the statute").  See also, Manousos v. Sarkis, 382 Mass. 317, 322 (1981); McGrath v. McGrath, 65 Mass. App. Ct. 670, 671 (2006); Ben v. Schultz, 47 Mass. App. Ct. 808, 814-815 (1999).  A timely notice of appeal is a jurisdictional prerequisite to our authority to consider any matter on appeal.  Because the trial court lacked the authority to permit the enlargement of time for filing the notice of appeal pursuant to G. L. c. 231, § 118, the order purporting to do so was a nullity.  The notice of appeal was untimely, and we accordingly dismiss the appeal.

As we observed in the introduction, the operation of the lis pendens statute, together with the statute governing interlocutory appeals and the rule governing the single justice

---

[6] The trial court judge perhaps mistakenly enlarged the time for filing the notice of appeal pursuant to Mass.R.A.P. 4(c), as amended by 378 Mass. 928 (1979) ("Upon a showing of excusable neglect, the lower court may extend the time for filing the notice of appeal").  Where a statute prescribes a deadline, the statute controls.

practice, can combine in circumstances such as those in the present case to create a trap for the unwary.[7]  Such a possibility does not, however, confer jurisdiction where none exists.  In any event, the consequences here are not as harsh as those present in circumstances where a party by procedural misstep loses the right to an adjudication on the merits; the defendant remains entitled to assert in the Superior Court all grounds on which he contends he should prevail.  Moreover, though we are without jurisdiction to consider the merits of the present appeal, our review of the record and the arguments made in the respective parties' briefs persuades us that the Superior Court judge committed no abuse of discretion in denying the special motion to dismiss; as set forth in the complaint, the plaintiff has asserted a colorable claim that the defendant acted in bad faith to deprive the plaintiff of an interest in real property, after the plaintiff had exercised considerable

---

[7] Indeed, it appears from the docket entry on the defendant's motion for reconsideration that the single justice may have declined to act on the request for referral of the defendant's appeal for panel consideration based upon the belief that the Superior Court order allowing an enlargement of time to file a notice of appeal rendered such a referral unnecessary. In appropriate circumstances where a party seeks review by the single justice under the first paragraph of § 118 from the denial of a special motion to dismiss, and where the single justice believes the appeal may have merit, the single justice may refer the appeal for panel consideration (thereby rescuing the party from the procedural misstep), rather than dismissing the petition.  As we discuss below, the present appeal does not appear to us to present such circumstances.

efforts and brought about considerable value in reliance on the parties' joint venture agreement.  Whether the plaintiff is successful in establishing that claim in further proceedings in the Superior Court remains to be seen.

Conclusion.  For the foregoing reasons, the appeal is dismissed as untimely.[8]

So ordered.

---

[8] In the exercise of our discretion, we decline the plaintiff's request for an award of appellate attorney's fees.