NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-650

BEES, LLC

vs.

JAMES M. HARROLD & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants appeal from a summary process judgment entered in the Housing Court on December 28, 2021, and an order denying a motion for reconsideration of that judgment or for a new trial entered on January 31, 2022.  We affirm.

Background.  The defendants own a manufactured housing unit located on a lot that they rent from the Edgemere Mobile Home Park (the park), which is owned and operated by the plaintiff. On August 18, 2021, the plaintiff served the defendants with a notice to quit, alleging that the defendants substantially violated the rules of the park by "verbally abus[ing]" the property manager of the park, "physically assault[ing] another tenant of the park," "verbally abus[ing] and threatening a

---

[1] Deborah L. Bergstrom.

neighboring tenant," and "repeatedly park[ing] in the space designated for" a neighbor. The plaintiff commenced a summary process action and a trial was held before a Housing Court judge on December 9, 2021. The defendants asserted at trial that the summary process action was in retaliation for several complaints they had made to Shrewsbury town offices and the Massachusetts Attorney General's Office.

On December 28, 2021, judgment entered for the plaintiff for possession and damages. The defendants timely moved for reconsideration of the judgment and for a new trial. The judge denied that motion on January 31, 2022, and the defendants filed a timely notice of appeal. The defendants then filed a motion in this court for leave to file a motion in the Housing Court to correct the record. See Mass. R. A. P. 8 (e), as appearing in 481 Mass. 1611 (2019). As a result, appellate proceedings were stayed.

In the Housing Court, the defendants did not file a motion to correct the record but instead filed five more postjudgment motions, each about a month apart, between September 2022 and January 2023. The judge denied each of these motions in orders dated October 21, November 28, and December 19, 2022, and

2

February 2, 2023.  The defendants did not file a timely notice of appeal from any of these orders.[2]

Discussion.  1.  Standing.  The defendants argue that the plaintiff did not have standing to bring the summary process action.  The argument is unavailing.  Anyone with an ownership, leasehold, or other property interest in the property at issue has standing to bring a summary process action.  G. L. c. 239, § 1.  See Cambridge St. Realty, LLC v. Stewart, 481 Mass. 121, 129 (2018).  The Manufactured Housing Act does not change this basis for standing.  See G. L. c. 140, § 32J, par. 1 (after termination of tenancy, licensed owner of manufactured home site "may recover possession . . . by summary process").  Cf. Cambridge St. Realty, supra ("[a]n inadequate notice would not deprive the landlord of [standing]; rather it would be a failure of the landlord's prima facie case").  The defendants do not dispute that the plaintiff is the licensed owner of the land on which their manufactured housing unit is located.  Therefore, the plaintiff had standing to bring the summary process action

---

[2] The defendants filed a notice of appeal on March 21, 2023, purporting to appeal "nunc pro tunc" from the orders denying those five postjudgment motions.  The notice of appeal was not timely.  See Mass. R. A. P. 4 (a) (1), as appearing in 481 Mass. 1606 (2019).  Thus we do not consider any issues with regard to the rulings on those motions.  See DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 170 (2018) ("timely notice of appeal is a jurisdictional prerequisite to our authority to consider any matter on appeal").

and the Housing Court had jurisdiction to hear it.  See G. L.
c. 185C, § 3.

2.  <u>Manufactured Housing Act</u>.  The defendants contend that
the judge erred in construing the Manufactured Housing Act,
G. L. c. 140, §§ 32A-32S, particularly § 32J, which governs
summary process.[3]  On review of summary process actions, we
accept the factual findings of the judge as true, but
"scrutinize without deference the legal standard which the judge
applied to the facts."  <u>Cambridge St. Realty</u>, 481 Mass. at 123.
The Manufactured Housing Act provides that the owner of a
manufactured housing community may terminate a tenancy for a
"substantial violation of any enforceable rule of the
manufactured housing community" after serving the tenants with
the proper notice.  G. L. c. 140, § 32J, par. 2 (2).

From the evidence at trial, the judge had ample basis to
conclude that the plaintiff had properly terminated the
defendants' tenancy for substantial violations of the park's
rules regarding refraining from interfering with other tenants'
quiet enjoyment and not parking in another tenant's space.[4]  The

---

[3] They also contend that the judge should have applied G. L.
c. 186A, § 4, but that statute only applies to tenants of
foreclosed properties.

[4] The park's Rule 24(b) provides in part that "[r]esidents
and their guests shall not interfere with the other residents'
privacy, use, and quiet enjoyment of their homes or homesites at
any time."  Rule 27(a) provides in part that "[r]esidents may

4

judge found that the plaintiff served the defendants with a facially valid notice to quit, which stated the reasons for termination and notified the defendants that they could cure the violations to avoid eviction. See G. L. c. 140, § 32J. The judge credited the testimony of the defendants' neighbor that on July 30, 2021, one of the defendants had "yelled in her face," "shoved her father," "call[ed] her unkind names," and that all of "these actions make[] her feel unsafe." The judge also credited the testimony of the property manager of the park who testified that the defendants parked their car in front of a neighbor's unit and, when asked to move the car, "became excited and started yelling." All that was ample basis for the judge to conclude that the defendants committed substantial violations of park rules. See G. L. c. 140, § 32J, par. 2 (2). See also 940 Code Mass. Regs. § 10.08(2)(b) (1996) ("substantial" violation for purposes of G. L. c. 140, § 32J, is a violation that "endangers the health or safety of the other residents of the community . . . or unreasonably interferes with the use or quiet enjoyment by other residents of their . . . home sites").[5]

---

park up to two personal motor vehicles associated with their site, parking may be at the lot in question depending on its size; otherwise, additional parking areas are available within the park."

[5] Contrary to the defendants' argument, the plaintiff did not seek to terminate the defendants' tenancy for "an alleged violation of any noncriminal and/or misdemeanor health and

3. Retaliation defense. The defendants point to a July 30, 2021 e-mail from the plaintiff's property manager informing them, "You are breaking the rules and regs of the park." The defendants assert that beginning on August 2, 2021, they made complaints about the plaintiff to the town and to the Attorney General's Office.[6] On August 13, 2021, the plaintiff served the notice to quit on the defendants. Based on that chronology, the defendants argue that the judge erred in concluding that their defense of retaliation was "not availing." See G. L. c. 186, § 18, par. 2 ("receipt of any notice of termination of tenancy" within six months of a tenant making a complaint to the government creates "a rebuttable presumption that such notice or other action is a reprisal against the tenant for engaging in such activities").

We discern no error in the judge's conclusion that even if the defendants had established the presumption of retaliation, it was successfully rebutted by the testimony, which the judge saw and believed, of the park manager and the defendants' neighbor regarding the defendants' repeated parking violations, their verbal insults directed toward the park manager, and the

---

safety law," so the requirements of 940 Code Mass. Regs. § 10.08(3) (1996) do not apply.

[6] The Housing Court judge noted that those complaints "do not appear in the record."

July 30, 2021 altercation between the defendants and the neighbor. This testimony supported a "sufficient independent justification," G. L. c. 186, § 18, par. 2, for the plaintiff to terminate the defendants' tenancy, and, as the judge found, indicated that the plaintiff would have terminated the tenancy regardless of any complaints the defendants made to the town of Shrewsbury or the Massachusetts Attorney General's Office. See Saipe v. Sullivan & Co., Inc., 487 Mass. 1001, 1004 (2021). Contrast Jablonski v. Clemons, 60 Mass. App. Ct. 473, 477 (2004).

4. Denial of motion for reconsideration and new trial. This court reviews denials of motions for reconsideration and new trial for abuse of discretion. See Dacey v. Burgess, 491 Mass. 311, 317 (2023). We discern no abuse of discretion in the judge's January 31, 2022 order denying the defendants' motion for reconsideration and new trial. As the judge stated, "this case was determined by the [d]efendants' own conduct/credibility regarding an ongoing dispute with a neighbor. . . . The [c]ourt simply did not credit the [d]efendants' trial testimony except for in limited circumstances."

To the extent that we have not expressly addressed any additional arguments made by the defendants, they have not been

7

overlooked.  "We find nothing in them that requires discussion."
Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

Judgment entered December 28,
  2021, affirmed.

Order denying motion for
  reconsideration or for a
  new trial, entered January
  31, 2022, affirmed.

By the Court (Massing,
  Singh & Grant, JJ.[7]),

Assistant Clerk

Entered:  June 3, 2024.

---

[7] The panelists are listed in order of seniority.