NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-636

CITY OF GARDNER

vs.

LAWRENCE PETRICCA, SR., trustee,[1] & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Eldorado Canyon Properties, LLC (Eldorado), which describes itself as an "interested party/appellant," appeals pursuant to Rule 15.0 (b) (2) (A) of the Rules of the Appeals Court, as appearing in 97 Mass. App. Ct. 1010 (2020), from the order of a single justice that denied its motion for reconsideration of an administrative order dismissing an earlier appeal in this court. We affirm.

The earlier appeal, Appeals Court docket no. 24-P-869, was docketed in July 2024.  On September 24, 2024, the clerk entered a notice preceding dismissal.  On October 17, 2024, the appeal

_____

[1] Of the L & L Realty Trust.

[2] Eldorado Canyon Properties, LLC, interested party.

was administratively dismissed for failure to prosecute under Rule 19.0 of the Rules of the Appeals Court, as appearing in 97 Mass. App. Ct. 1012 (2020) (M.A.C. Rule 19.0). On October 21, Eldorado moved to reinstate the appeal, and that motion was allowed. After Eldorado failed to timely file its brief and record appendix, a second administrative dismissal process commenced. Eldorado then sought an enlargement of time to file its brief and appendix, which was allowed to March 31, 2025. Eldorado did not file its brief or appendix by that deadline, however, and on April 9, 2025, the single justice directed the clerk to issue a notice of dismissal of the appeal pursuant to M.A.C. Rule 19.0 (a) (3), which the clerk did the same day. On April 23, Eldorado moved for reconsideration of that administrative order of dismissal. On April 30, the single justice denied the motion for reconsideration because Eldorado had not served and filed a motion to reinstate the appeal and for leave to file a late brief and appendix, or the brief and appendix themselves. See M.A.C. Rule 19 (c). The clerk issued a notice of dismissal of the appeal to the trial court that same day. Eldorado now appeals from the single justice's order dated April 30, 2025, denying its motion for reconsideration.

"At the outset, it is important to keep in mind that we review the action of the single justice for errors of law and, if none appear, for abuse of discretion." Troy Indus., Inc. v.

2

Samson Mfg. Corp., 76 Mass. App. Ct. 575, 581 (2010). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Eldorado maintains that the single justice violated Mass. R. A. P. 15 (c), as appearing in 481 Mass. 1627 (2019), which provides that a single justice "may not dismiss or otherwise determine an appeal." That limitation, however, does not preclude the single justice from enforcing the procedural rules that govern the appellate process. See DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 168-169 (2018). The order of the single justice challenged by Eldorado did not dismiss or otherwise determine an appeal, but rather denied Eldorado's motion to reconsider an earlier administrative order dismissing its appeal for lack of prosecution. The single justice acted within her authority in denying that motion because Eldorado failed to comply with the requirements for reinstating an appeal under M.A.C. Rule 19.0 (c). That rule provides that, prior to the expiration of fourteen days from the clerk's entry of notice of dismissal of the appeal, the appellant must serve and file "(1) a motion to reinstate the appeal and for leave to file a

3

late brief or appendix or status report and (2) the brief or appendix or status report (whichever documents are overdue)." M.A.C. Rule 19.0 (c). Eldorado did not serve and file any of those documents. Indeed, as the single justice noted in an earlier order, Eldorado did not file its brief or record appendix despite having received "more than 150 days of enlargements." Nor did Eldorado demonstrate that its delay was caused by excusable neglect, a showing that must be made before a single justice may grant the "extraordinary request" of a motion to reinstate an appeal. See Howard v. Boston Water & Sewer Comm'n, 96 Mass. App. Ct. 119, 122-123 (2019).

Accordingly, the single justice did not err or abuse her discretion in denying Eldorado's motion for reconsideration. Because this appeal concerns only the single justice's order denying its motion for reconsideration in the earlier appeal, we

do not address Eldorado's arguments concerning the underlying Land Court proceeding.

> Order of single justice
>   denying motion for
>   reconsideration affirmed.
>
> By the Court (Henry, Shin & Toone, JJ.[3]),
>
> Paul Little
>
> Clerk

Entered:   March 25, 2026.

---

[3] The panelists are listed in order of seniority.