RONALD P. PASSATEMPO, trustee,[1] & others[2] *vs.* FREDERICK V. McMENIMEN, THIRD, & others.[3] October 14, 2010. *Practice, Civil,* Interlocutory appeal, Summary judgment, Reconsideration, Appeal.

This is Frederick McMenimen's second improper attempt to secure interlocutory relief from a certain ruling in the trial court. In *McMenimen v. Passatempo,* 452 Mass. 178 (2008) (*McMenimen I*), we affirmed the denial of a G. L. c. 211, § 3, petition that he had filed in the county court. In the petition, he sought interlocutory review of the denial in the trial court of a motion to dismiss that he had filed in the underlying civil action against him. The basis for that motion was his argument that G. L. c. 175, § 181, which the plaintiffs in the underlying action asserted McMenimen had violated, contained a statute of repose that barred the plaintiffs' claims against him, and that he was therefore immune from suit. As detailed in some length in *McMenimen I,* McMenimen did not properly pursue an interlocutory appeal on the immunity claim, and the case did not present the type of extraordinary circumstances that required the exercise of this court's general superintendence power. Because of his various appellate missteps, McMenimen did not obtain review of the immunity issue on the merits. *McMenimen I, supra* at 184-193.

After we decided *McMenimen I,* the underlying case, which had been stayed pending this court's decision, proceeded in the trial court. McMenimen sought again to raise the identical immunity claim, this time in a motion for summary judgment. When the motion was denied, McMenimen promptly appealed. We transferred the appeal to this court and directed the parties to submit memoranda addressing its propriety. Because, by that time, the trial had already taken place (resulting in a verdict for the plaintiffs), and McMenimen had indicated his intent to appeal from the final judgment, we also inquired of the parties whether they would be content to brief the immunity issues and have them decided as part of the forthcoming direct appeal.[4] Toward that end, we indicated a willingness to order that the remaining posttrial proceedings in the trial court be expedited, and to order that the appeal be entered directly in this court and expedited. The plaintiffs were content to proceed in this fashion, but McMenimen was not.[5] He insisted on pressing forward with this appeal in its present posture. We thus now have before us

[1]Of the Samuel Pietropaolo Irrevocable Trust.

[2]The estate of Samuel Pietropaolo, also known as Sabatino Pietropaolo; and Patricia Pietropaolo.

[3]Barry G. Armstrong; New England Advisory Group, LLC; 1717 Capital Management Company; Nationwide Life Insurance Company of America; and Nationwide Financial Services, Inc.

[4]Due to various posttrial proceedings, there was not, at that time, a final judgment. Final judgment entered on August 23, 2010.

[5]We note that before we transferred the case to this court, McMenimen did seek in the Appeals Court to stay his interlocutory appeal and to join the immunity issues with the direct appeal that he intended to file. When we suggested a similar procedure, however, he rejected it.

his interlocutory appeal from the denial of his motion for summary judgment. The only issue that concerns us is the propriety of the appeal.

McMenimen argues that in pursuing this appeal, he has followed the proper procedural path. After his motion for summary judgment was denied, he promptly filed a notice of appeal (of that part of the motion relevant to the immunity claim), and the appeal was timely docketed in the Appeals Court. What he fails to understand, however, is that because he failed to properly pursue an interlocutory appeal when the opportunity arose previously, and because there has been no material change in the record relevant to the immunity claim since then, he cannot now secure interlocutory review of the immunity issue in a motion that appears in its essence to be nothing more than a renewal of the earlier motion to dismiss, albeit repackaged as a motion for summary judgment. See *Littles* v. *Commissioner of Correction*, 444 Mass. 871 (2005) (*Littles*). In *Littles*, the defendants filed a motion for summary judgment claiming qualified immunity. *Id.* at 872. When the motion was denied, the defendants neither appealed from nor sought reconsideration of the decision. *Id.* They later filed a renewed summary judgment motion, again raising the immunity defense. *Id.* at 873. The motion was denied and the defendants claimed an interlocutory appeal. *Id.* We dismissed the appeal, holding that the defendants had waived their right to interlocutory review by failing to pursue a timely interlocutory appeal from the denial of their first summary judgment motion. *Id.* at 880. "Logic simply does not support the proposition that appellate rights once lost may be revived through the expedient of 'renewing' a motion. . . . [T]here is no basis for an exception for a motion that raises a defense of qualified immunity." *Id.* at 875. The defendants, in other words, could not file a second, basically identical motion seeking the same relief in an attempt to avoid their failure to appeal timely from the denial of the first motion. Cf. *McGrath* v. *McGrath*, 65 Mass. App. Ct. 670, 672 (2006) (party who failed to timely petition for review pursuant to G. L. c. 231, § 118, first par., could not revive right by filing motion for reconsideration and then petitioning for review of denial of that motion).

McMenimen fares no better. He attempts to distinguish his case from *Littles* on the basis that he did not file two motions for summary judgment but one motion for summary judgment and one motion to dismiss. That distinction is irrelevant. The two successive motions filed by the defendants in *Littles* were based on identical grounds and an identical record. *Id.* at 875. So too here, where there is no indication of any material change in the record (with respect to the claim of immunity) from the time that McMenimen filed his motion to dismiss and when he filed his motion for summary judgment. Where there has been no material change in the record, and where McMenimen failed to promptly and properly appeal from the denial of his motion to dismiss when his immunity claim was first decided against him, McMenimen has lost any right he may have otherwise had to pursue an interlocutory appeal on this claim.[6]

McMenimen seeks support from *Behrens* v. *Pelletier*, 516 U.S. 299 (1996) (*Behrens*), which discussed a point of Federal appellate procedure. In that

---

[6]As in *McMenimen* v. *Passatempo*, 452 Mass. 178 (2008), we do not reach the question whether G. L. c. 175, § 181, provides an immunity from suit that gives rise to an interlocutory appeal as a matter of right under the doctrine of present execution.

case, the defendant filed a motion to dismiss asserting both a statute of limitations defense and a qualified immunity defense. *Id.* at 303. A Federal District Court allowed the motion (on the statute of limitations ground) with respect to one set of claims and denied it with respect to a second set of claims. *Id.* The court did not expressly address the qualified immunity issue. *Id.* The defendant appealed. *Id.* On appeal, the Ninth Circuit did not reach the qualified immunity issue as to the first set of claims.[7] *Id.* at 303-304. The case was then remanded to the District Court, where the first set of claims was revived for reasons we need not explain here. *Id.* at 304. After discovery, the defendant filed a motion for summary judgment, again raising the qualified immunity defense. *Id.* The District Court denied the motion, and the Ninth Circuit dismissed the defendant's second appeal "for lack of jurisdiction." *Id.* at 305. The Supreme Court concluded that the defendant's second interlocutory appeal — from the denial of his motion for summary judgment — was proper. *Id.* at 309. In the unique procedural circumstances of that case, where the defendant properly pursued and preserved his right to interlocutory review in his first appeal, but where the Ninth Circuit did not then consider the qualified immunity defense, the defendant did have a right to pursue a second interlocutory appeal. *Id.*

McMenimen claims that his case is like *Behrens* because he, like the defendant there, first sought interlocutory review following the denial of his motion to dismiss and then sought review from the denial of his motion for summary judgment. That comparison is too simplistic. McMenimen did not actually appeal from the denial of his motion to dismiss. He mistakenly pursued a number of other avenues that proved to be unfruitful, but unlike the defendant in *Behrens*, he never took the proper steps needed to obtain interlocutory review of the merits of his immunity claim as a matter of right. The defendant in *Behrens*, by contrast, properly preserved his right to interlocutory review. That the Ninth Circuit did not address the qualified immunity issue in the first appeal was through no fault of the defendant, but instead had to do with the particular circumstances of that case.

In McMenimen's case, the fact that no appellate court considered his immunity claim in an interlocutory appeal from the denial of his motion to dismiss was due to his own missteps. Now, in his attempt to seek interlocutory review of the same issue in the context of the denial of his motion for summary judgment, he seeks the exact same relief that he might have, but for those missteps, secured in the first instance. In short, like the defendant in *Littles*, McMenimen waived his right to attempt to obtain interlocutory review of the immunity issue when he failed to properly pursue it at the first opportunity, and where there has been no material change in the record since that time. See note 6, *supra*.

This case, as we noted in *McMenimen I*, and as the parties are well aware, "has an unnecessarily complicated and prolonged history." *McMenimen I, supra* at 179. McMenimen's continued efforts to press this appeal have only added to that history. He is not without a remedy. He may, as we twice clearly indicated in *McMenimen I*, pursue the immunity issues as a matter of right in

---

[7]The United States Court of Appeals for the Ninth Circuit did address (and reject) the qualified immunity defense as to the second set of claims, *Behrens* v. *Pelletier*, 516 U.S. 299, 303-304 (1996), but those claims are not relevant for purposes of this discussion and do not appear to have been at issue in the subsequent Supreme Court decision.

his direct appeal. *Id.* at 187 & 193 n.13, citing *Littles, supra* at 880. Unless and until the issues are properly before us, we will not consider them.

We take the following additional measures to help ensure that there is no further unnecessary delay. All of the remaining postjudgment motions currently pending in the trial court shall be resolved expeditiously. There shall be no further litigation in any appellate court concerning the immunity claim except for a direct appeal from the final judgment. If and when a timely notice of appeal is filed in the trial court, the transcript shall be prepared and the record assembled forthwith and, once the record has been assembled, the appeal is to be entered directly in this court, where it will proceed expeditiously. As the records in *McMenimen I* and this case are rife with instances of litigiousness and delay, any future conduct that unnecessarily derails the timely progress of postjudgment proceedings or the direct appeal may result in sanctions.

*Appeal dismissed.*

*William P. Corbett, Jr.,* for Frederick V. McMenimen, III.
*Charles M. Waters (Alfred Day* with him) for the plaintiffs.