NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1418

GUY J. MUSTO

vs.

CAROLYN MUSTO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Carolyn Musto (wife) appeals from the denial of a motion for reconsideration.  We affirm.

Background.  On March 26, 2021, a judge of the Probate and Family Court granted a judgment of divorce nisi that divided property of Guy Musto (husband) and the wife.  As to certain retirement accounts of the husband, the judge ordered "that Husband receives 50% and Wife receives 50% of the total value in the accounts as of [the divorce trial date of] November 25, 2020."  The wife did not appeal from the judgment.

In the months that followed the judgment, the value of the accounts substantially increased, and the wife filed a motion for relief from judgment on August 12, 2021.  She argued that

the judgment was "not clear" and should have provided that the wife also receive "gains" on her fifty percent share of the retirement accounts "up until the date of transfer" under a qualified domestic relations order (QDRO) that was yet to be executed. In an endorsement order, the judge denied the motion on September 13, 2021, and the wife filed a notice of appeal.

Weeks later, on November 1, 2021, the wife filed a motion for clarification of the divorce judgment. She claimed that the judgment was "silent as to what should happen to gains or losses of the three accounts from November 25, 2020 to the date of transfer by QDRO." Following a hearing, the judge denied the motion for clarification on April 4, 2022. In a memorandum and order the judge summarized the procedural posture of the case and noted that the wife had previously filed a notice of appeal from the denial of the motion for relief from judgment. Less than two weeks later, on April 13, 2022, a different judge dismissed the wife's appeal from the order denying her motion for reconsideration citing lack of prosecution.

Represented by new counsel, the wife filed, on June 24, 2022, a motion for reconsideration of the order denying the motion for clarification. The wife claimed that the dismissal of her appeal constituted a change in circumstances that warranted the judge to reconsider his denial of the motion for clarification. After a hearing on the motion for clarification

2

and a review of the language in the divorce judgment, the judge once again denied relief.  He concluded that "the Divorce Judgment does not include gains and losses."

Discussion.  "A question of law not seasonably and properly saved, cannot be revived by the simple expedient of bringing it forward again, demanding a second ruling, and claiming an exception or appeal from that second ruling."  Peterson v. Hopson, 306 Mass. 597, 599 (1940).  "Logic simply does not support the proposition that appellate rights once lost may be revived through the expedient of 'renewing' a motion."  Littles v. Commissioner of Correction, 444 Mass. 871, 875 (2005).  A litigant cannot file "a second, basically identical motion seeking the same relief in an attempt to avoid [her] failure to appeal timely from the denial of the first motion."  Passatempo v. McMenimen, 458 Mass. 1007, 1008 (2010), S.C., 461 Mass. 279 (2012).

Here, the wife has essentially "repackaged" a claim that she waived by failing to prosecute the first appeal. Passatempo, 458 Mass. at 1008.  The record shows that the wife made three attempts in the trial court to challenge the language of the judgment (motion for relief from judgment, motion for clarification, and motion for reconsideration), and the same judge who composed the language in the judgment rejected each challenge.  The wife abandoned her appeal from the order denying

3

the first motion.  Though captioned differently, these motions all rested on the same substantive proposition that the judgment entitled her to share the increased value of the retirement accounts after November 25, 2020.  By failing to prosecute her appeal from the denial of the first motion, the wife has waived her present claim for relief.  See Littles, 444 Mass. at 873.

Even if the claim were not waived, we discern no abuse of discretion in the denial of the motion for reconsideration.  A motion for reconsideration should set forth changed circumstances (such as newly discovered evidence or a change in relevant law) or a particular and demonstrable error in the original decision.  Audubon Hill S. Condominium Ass'n v. Community Ass'n Underwriters of Am., Inc., 82 Mass. App. Ct. 461, 470 (2012).  We review a decision denying such a motion for an abuse of discretion.  Blake v. Hometown Am. Communities, Inc., 486 Mass. 268, 278 (2020).

We discern no abuse of discretion.  The wife has not identified any new evidence, change in the law, or demonstrable error that would warrant relief.  Instead, she insists that the judgment was "silent as to the handling of market fluctuations on the parties' respective 50% shares of the retirement accounts."  We disagree and note that the wife's premise is incorrect.  The judgment did not divide the "accounts" as the wife put it; the judgment divided "the total value in the

4

accounts as of November 25, 2020" (emphasis added).  Thus, the judgment is not silent at all and by its terms fixed the wife's share to a certain value that could be readily calculated, thereby excluding (or insulating) her from any market fluctuations after November 25, 2020.  The judge had discretion to do so, and the wife points to no new facts or authority to the contrary that would have warranted reconsideration.  See Wolcott v. Wolcott, 78 Mass. App. Ct. 539, 543 (2011) (judge has "broad discretion as to the division of property").

The husband's request for attorney's fees is denied.

Order denying motion for
reconsideration affirmed.

By the Court (Desmond,
Grant & Hodgens, JJ.[1]),

Paul Little

Clerk

Entered:  June 12, 2025.

_____

[1] The panelists are listed in order of seniority.