NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13883

SHARYON BROWN  vs.  FREDERICK MENDES.


April 30, 2026.


Supreme Judicial Court, Superintendence of inferior courts.



The petitioner, Sharyon Brown, appeals from a judgment of a single justice of this court denying her petition pursuant to G. L. c. 211, § 3.  We affirm.

Brown and the respondent, Frederick Mendes, are the parents of four unemancipated children.  In March 2024, a judge in the Probate and Family Court granted Brown sole legal and physical custody of three of the children.  In October 2025, the judge issued a temporary order, in response to both parties' motions for contempt and modification, that, among other things, granted Mendes parenting time with two of the children (temporary order).  Brown thereafter filed a petition with a single justice of the Appeals Court, pursuant to G. L. c. 231, § 118, first par., seeking interlocutory relief from the temporary order (§ 118 petition).  She also filed a motion to stay the temporary order pending interlocutory review.  The Appeals Court single justice denied both the motion to stay and the § 118 petition. Brown subsequently filed a notice of appeal from that decision, but because there is no right to appeal in that circumstance, i.e., from the denial of a petition pursuant to G. L. c. 231, § 118, first par., the notice was struck.  Brown then filed her G. L. c. 211, § 3, petition, in which she stated that she was seeking relief from both the denial of the § 118 petition and

the underlying temporary order.  The single justice denied the petition.[1]

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  S.J.C. Rule 2:21 (2). Brown has not made, and cannot make, such a showing.  To the extent that Brown seeks to use G. L. c. 211, § 3, to obtain relief from the denial of her § 118 petition, she has no right to do so.  An order denying a petition pursuant to G. L. c. 231, § 118, first par., is a final, unappealable order.  See McMenimen v. Passatempo, 452 Mass. 178, 189-190 (2008), S.C., 458 Mass. 1007 (2010) and 461 Mass. 279 (2012).  To the extent that she seeks relief not from the denial of her § 118 petition but from the underlying temporary order, she is similarly not entitled to relief.  That she was unsuccessful in the Appeals Court -- i.e., that she did not receive the relief that she sought in that court -- does not render that avenue for appellate relief inadequate or otherwise entitle her to relief pursuant to G. L. c. 211, § 3.  See, e.g., Bishay v. Superior Court Dep't of the Trial Court, 487 Mass. 1012, 1012-1013 (2021).  See also Votta v. Commonwealth, 444 Mass. 1001, 1001 (2005) ("Our general superintendence power cannot be invoked simply to get another bite of the apple").[2]

The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.[3]

---

[1] The single justice also denied several other motions including motions for expedited relief and to stay the trial court proceedings pending appeal.

[2] Moreover, the petitioner's requests for relief are now moot.  Following a hearing on January 28, 2026, the trial court judge issued an order granting the father certain parenting time.  The judge subsequently issued findings of fact following a trial on February 17, 2026.

[3] Many of the citations in the petitioner's G. L. c. 211, § 3, petition and memorandum filed pursuant to rule 2:21 are inaccurate -- the cases cited simply do not exist or the included citations are for cases with different names and that are not relevant here, i.e., the cases involve entirely different subject matters.  The petitioner is reminded that all information included in her court filings must be accurate and

<u>Judgment affirmed</u>.


The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Sharyon Brown</u>, pro se.

---

should be thoroughly reviewed prior to filing if she wishes to avoid having them struck.